Argued and submitted October 23, 1991, affirmed August 5, 1992

In the Matter of
the Library Charges to the Account of
Walter Letkiewicz.

Walter LETKIEWICZ,
*Petitioner,*

*v.*

UNIVERSITY OF OREGON,
*Respondent.*

(CA A66241)

835 P2d 955

Patricia A. Vallerand, Eugene, argued the cause for petitioner. With her on the briefs was DePaolis, Evans, Shepard & Vallerand, Eugene.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Petitioner seeks review of an order of respondent University of Oregon (University) after a contested case hearing. The order upheld fines and· penalties of $405.45 assessed against petitioner for 11 books that he had checked out of the University's main library and which University contended had not been returned when due.[1]

The dispute arose in December, 1988, after petitioner had received a "Courtesy Reminder" regarding books due on December 7. Petitioner's position was that he had returned the books on August 12 and that he had a receipt showing the return. University's position was that the receipt was a forgery and that three of the books had been returned to library shelves, but not through the return procedures of the library. There followed a series of correspondence, phone contacts and notices between petitioner, library and University Business Office personnel.

On September 17, 1989, University referred the matter to the Department of Revenue. On October 10, University sent petitioner a letter stating that the matter would be referred to the Department of Revenue if payment was not made by October 24. On October 20, 1989, petitioner was sent a notice from the Department of Revenue of the intent to apply petitioner's renter's refund to the delinquent account at the University, unless he requested a hearing. He did so in November, and the hearing was held on April 24 and May 15, 1990. The refund was withheld but was placed in a holding account.

Under ORS 293.250, the Department of Revenue is authorized to "render assistance in the collection of any delinquent account" owing to a state agency, and the debt may be collected by "all means available," including the setoff of any refunds due to a debtor. ORS 293.250(3)(a). However, setoff is not authorized "unless the debt is in a liquidated amount." ORS 293.250(3)(b).

---

[1] The original order was issued on July 2, 1990. Pursuant to University administrative rules, petitioner appealed to the Vice President of the University. On July 17, the Vice President issued an order upholding the order. Petitioner then brought this petition for judicial review and, on February 13, 1991, University withdrew its order for reconsideration. ORS 183.482(6); ORAP 4.35. It issued its revised order on March 20, 1991. This review is from that order.

Executive Department Rule 15-090-01 provides, in part:

"As used in ORS 293.250 a 'liquidated debt' is one which meets all of the following conditions:

"(a)  An agency has determined that there is an amount owing.

"(b)  An agency has notified the debtor in writing of the amount owing, the nature of the debt, and has demanded payment.

"(c)  An agency has advised the debtor of the debtor's rights of appeal under applicable laws, rules, or administrative procedures.

"(d)  The debtor has exhausted or failed to exercise any rights of appeal under the Administrative Procedures and Rules for state agencies * * *."

The stated "purpose" of the rule is "[t]o provide state policy regarding collection of debts due to state agencies." In part, it is a pre-collection policy to prevent state agencies from submitting disputed amounts as debts. However, it also addresses procedures for disputes regarding amounts that have been submitted. The rule directs that the agency

"submitting the list of debts to be subject to 'setoff' will hold the hearing required by ORS 293.250[(3)(d)]; shall inform the Department of Revenue of its finding; and shall withdraw any claims from the 'set-off' procedures which are found to be not owing or which are found to be not liquidated."

ORS 293.250(3)(d) provides:

"At the time any setoff is made the debtor shall be notified by the Department of Revenue of its intention to apply sums due from a state agency against the debtor's delinquent account. The notice shall provide that the debtor within 30 days may request a hearing before the claimant agency. No issues at the hearing may be considered that have been litigated previously, or if the debtor after being given due notice of rights of appeal has failed to exercise them timely."

The statute and rule together describe a procedure that endeavors to provide due process before any debt is submitted for setoff. However, if that is not done, ORS 293.250(3)(d) ensures the right to a hearing. The consequences to an agency

of submitting a debt that is not owed or that was submitted without notice of appeal rights is withdrawal of the debt from the setoff procedures.

■ The hearing here was under ORS 293.250. The hearings officer found that petitioner owed the debt and that it was liquidated. Petitioner argues that the evidence does not support the finding that he did not return the books and that he owed the University for the library charges. Although the hearings officer chose inferences with which petitioner does not agree, those inferences are based on substantial evidence. The hearing established that petitioner owed the amount.

■ Petitioner also contends that the debt could not be determined to be liquidated, because the University did not follow the requirements of its regulations regarding disputes over library assessments, OAR 571-60-015,[2] and for submitting debts to the Department of Revenue under OAR 571-60-025,[3] because, *inter alia*, it failed to publish notice of the library appeals procedure and did not give advance notice before it referred the debt to the Department of Revenue.[4]

---

[2] The library "shall publish notice of the availability of [the] appeals process and shall provide copies of such notice at circulation desks and/or upon request." OAR 571-60-015(1)(b). If a library "borrower" disagrees with a library employee's initial review of the matter, the borrower "may ask to be referred to the appropriate supervisor." OAR 571-60-015(4). If the borrower is dissatisfied with the supervisor's decision, he may complete an "appeal of Library Charges" form and, on receipt of the form, "the supervisor shall arrange a mutually convenient appointment for the borrower and the appropriate Library Department Head." OAR 571-60-015(5). Further appeal from the Department Head's decision may be made to the Assistant University Librarian for Public Services and then to the University Librarian and finally through the University's grievance procedure as set out in OAR 571-03-005.

[3] OAR 571-60-025(2)(a) requires that, before the Business Office may use the Department of Revenue as a collection agent, it shall:

"Give at least seven (7) days notice to the debtor of the deficiency asserted (if that person has not been properly notified by the department which initiated the charge)[.]"

The notice shall list remedies and collection procedures and inform the debtor of the existence of appeal processes. OAR 571-60-025(2)(b), (c).

[4] The hearings officer found:

"I conclude that [petitioner] knew of his rights to appeal library fines. *See* findings #9 and #12 [regarding procedures of the library and the Business Office]. The University may have prematurely concluded that [he] exhausted his rights of appeal or failed to exercise them to determine the liquidated nature of the debt. Nevertheless, by [his] testimony, he did not intend to pursue the library appeal process. Therefore, he failed to exercise his rights and the University could appropriately consider the debt liquidated."

We reject petitioner's argument. Assuming that he is correct that the University could be precluded from obtaining a setoff because of a failure to provide notice of appeal rights,[5] he cannot be heard to claim that his case presents such an instance. Any notice given would have been an exercise in futility. Petitioner admitted that he had no intention of availing himself of those rights:

"[Counsel for University]:  Well, what steps were you taking to have the dispute settle?

"[Petitioner]:  Um, lengthy correspondence with the library and Business Office, furnishing the receipt for returning the materials.

"[Counsel for University]:  So, if they didn't agree with you, you weren't going to pay the money is basically what you are saying. Is that a fair characterization?

"[Petitioner]:  I think at this point, yes. I probably would challenge the charge.

"[Counsel for University]:  So, having gotten this notice [that the debt was submitted to Revenue], you did in fact ask, through your lawyer, for a hearing, is that not true?

"[Petitioner]:  Yes, I did.

"[Counsel for University]:  And, this hearing [under ORS 293.250] is satisfactory to you? In the sense that you've had opportunities to get your witnesses and to be on the record as it were? Tell your story?

"[Petitioner]:  Well, frankly no. *The reason that I didn't request a University hearing much earlier was because I didn't feel that I would get a fair review by University personnel, since it was a University matter. I had asked the library and the Business Office if they would hear it at civil court on several occasions, and they declined to comment on that.* I am doing it now because of the revenue issue." (Emphasis supplied.)

Executive Rule 15-090-01 requires that, for a debt to be "liquidated," an agency must advise the debtor of rights of appeal and the debtor must have exhausted those rights or failed to exercise them. The hearings officer did not err in

---

[5] Petitioner testified that he had previously appealed fines as far as the Head Librarian, and the evidence also showed that, within the year preceding this dispute, he had appealed charges.

concluding that the University could consider the debt to be liquidated.

Affirmed.