Robert A. LUCAS,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4572)

Robert A. Lucas, Plaintiff (taxpayer), filed the motion *pro se.*

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendant rendered April 15, 2003.

**HENRY C. BREITHAUPT, Judge.**

## I.  INTRODUCTION

This matter is before the court on stipulation of facts and cross-motions for summary judgment. Plaintiff (taxpayer) concedes liability for personal income tax for the years at issue but contests the method used by Defendant Department of Revenue (the department) in applying payments made by taxpayer for the years at issue. Taxpayer contends that the department should have applied the refund amounts to the earliest years for which a deficiency was assessed. Under this rule, taxpayer argues that the amount of interest due from him on certain deficiencies would be reduced.

## II.  FACTS

The stipulated facts are as follows:

"1.   Plaintiff filed his 1990 Oregon income tax return on March 20, 1995.

"2.   Plaintiff's 1990 Oregon income tax return reported net income tax of $0 and claimed an overpayment of $774.

"3.   Plaintiff's 1990 tax return indicated that the claimed overpayment was the result of the following payments: (a) Oregon income tax withheld from income during 1990 of $274, and (b) estimated tax payments totaling $500.

"4.   The department denied a portion of plaintiff's claimed rental loss, resulting in a revised net income tax for 1990 of $277, and also determined that estimated tax payments actually totaled $1,000.

"5.   Although plaintiff's 1990 income tax return indicated that a refund should be applied to estimated tax for the 1991 tax year, there was no refund to apply to the 1991 tax year because the 1990 return was filed more than three years after the due date of the return. See, ORS 314.415(1)(b)(A).

"6.   The department determined there was an overpayment of $779 with respect to plaintiff's 1991 income tax return. Because plaintiff's 1991 income tax return requested that a refund be applied against estimated tax for 1992, the department applied the overpayment to plaintiff's 1992 income tax return.

"7.   Plaintiff filed his 1992 Oregon income tax return on April 11, 1995.

"8.   Plaintiff's 1992 Oregon income tax return reported net income tax of $75 and claimed an overpayment of $2,679.

"9.   Plaintiff's 1992 tax return indicated that the claimed overpayment was the result of the following tax payments (a) Oregon income tax withheld from income during 1992 of $458, and (b) estimated tax payments of $2,296.

"10.   The department determined that the correct amount of estimated tax payments for 1992 totaled $500, that there was a refund applied from the 1991 tax year of $779, and income tax withheld during 1992 of $458.

"11.   With respect to plaintiff's Oregon income tax return for 1992, the department issued a refund in the amount of $1,671, consisting of $1,661 tax and $10 interest, on June 15, 1995.

"12.   Plaintiff returned the $1,671 refund check to the department, with instructions to apply the refund to the taxes for 'subsequent tax years.' The department received the check on January 9, 1997.

"13.   On January 10, 1997, the department canceled the $1,671 refund check and applied it to plaintiff's 1996 tax year.

"14.   On February 11, 1997, at plaintiff's request, the department applied the refund from plaintiff's 1995 income tax return, in the amount of $5,517, to his tax liability for his 1996 tax year.

"15.   The payments applied against plaintiff's tax liability for his 1997 tax year, which included a refund from plaintiff's tax return for his 1996 tax year, exceeded plaintiff's tax liability for his 1997 tax year.

"16.   Plaintiff's 1997 tax return requested that the overpayment should be applied to his 1998 estimated tax.

"17.   The department received notice from the Internal Revenue Service of corrections it made to plaintiff's 1990 and 1992 federal income tax returns on November 6, 1998.

"18.   Based upon the federal audit report, the department, on April 12, 2000, issued notices of deficiency that

adjusted plaintiff's 1990 and 1992 Oregon income tax returns and determined that his correct net income tax for 1990 and 1992 was $7,861 and $3,918, respectively.

"19. The notices of deficiency for the 1990 and 1992 tax years also charged interest on the tax deficiencies; the interest accrual period began on the due dates of the tax returns.

"20. The notices of deficiency for the 1990 and 1992 tax years also imposed the 100 percent penalty pursuant to ORS 305.992.

"21. At plaintiff's request, the department later waived 75 percent of the 100 percent penalty.

"22. Based upon a federal audit report, which the department received on May 14, 1999, the department, on October 30, 2000, issued a notice of deficiency that adjusted plaintiff's 1995 Oregon income tax return and resulted in an increased net income tax for 1995.

"23. As of April 12, 2000, plaintiff had not yet filed his 1999 and 2000 tax returns.

"24. In February of 2001, the department applied refunds that it issued for plaintiff's 1997 and 1998 tax years to his tax liability for his 1995 tax year. The refunds for the 1997 and 1998 tax years were in the amounts of $1,515 and $53.51, respectively."

### III. ISSUE

Did the department err in applying refund amounts to deficiencies?

### IV. ANALYSIS

Taxpayer has asserted that the following two actions of the department were in error:

(1) In January 1997, application by the department of a $1,671 refund amount to taxpayer's liability for the 1996 tax year; and

(2) In February 2001, application by the department of a $1,568.51 refund amount to taxpayer's liability for the 1995 tax year.[1]

---

[1] That refund amount includes the $1,515 refund amount for 1997 and the $53.51 refund amount for 1998.

Taxpayer contends that the refund amounts should have been applied to the 1990 and 1992 years, the earliest years for which he ultimately had deficiency assessments.

The department argues that it complied with taxpayer's request and the applicable statutes and administrative rules when refund amounts were applied against taxpayer's outstanding tax liabilities.

ORS 314.415(1)(e)[2] sets forth direction on the application of refund amounts. The statute provides, in part:

"Where there has been an overpayment of any tax imposed, the amount of the overpayment and interest thereon shall be credited against any tax, penalty or interest then due from the taxpayer, and only the balance shall be refunded."

The department has promulgated regulations with respect to that statute. OAR 150-314.415(1)(e)-(B) provides, in relevant part:

"(1)   Definitions for purposes of this rule.

"* * * * *

"(c)   Nonassessed accounts. The deficiency tax account amount by which the tax as correctly computed exceeds the tax, if any, reported by the taxpayer.

"(d)   Assessed accounts. The tax account that has not been appealed or paid and a written notice of assessment stating the amount so assessed has been sent to the taxpayer.

"(2)   The department shall offset a refund to assessed accounts and may offset a refund to nonassessed accounts when the taxpayer sends the department a written authorization to offset the refund. Offsets shall be made using the following guidelines:

"(a)   First, offset to the newest account within the program that has the refund. An exception is the unrestricted accounts which are offset to the oldest account first.

"(b)   Second, offset to other programs, newest account first. An exception is the unrestricted accounts which are offset to the oldest account first.

---

[2] All references to the Oregon Revised Statutes (ORS) are to 2001.

"\* \* \* \* \*

"(4) The **newest account is an account with the most recent set-up date**. If more than one account has the same set-up date, the most recent tax year is the newest account. 'Set-up date' means the date the account was established or created."

(Emphasis added.)

A. *The 1997 Application*

In January 1997, taxpayer returned to the department a check issued earlier in the amount of $1,671, refunding payments made for his 1992 tax year. He requested that the amount be applied to "subsequent tax years." The department received the check on January 9, 1997, and applied it to taxpayer's 1996 tax year.

As of January 1997, taxpayer had no tax liabilities assessed and unpaid. The $1,671 refund amount related to tax year 1992, a year for which a deficiency did not develop until April 2000. However, as of January 1997, there was no deficiency in 1992 or any "later year" to which to apply the returned check. The first year to which the department could apply the $1,671 was 1996. The year 1996 was "subsequent to" 1992 and the liability for 1996 arose in April 1997, "subsequent to" January 9, 1997.

Taxpayer directed the department to apply the $1,671 amount to "subsequent tax years." The department followed that direction consistent with its published regulations.[3] Taxpayer had no basis for insisting that the department erred in following his directions and the department's regulation.

B. *The 2001 Application*

By 2001, deficiencies had been assessed by the department for the 1990, 1992, and 1995 tax years.[4] It

---

[3] This case did not involve multiple nonassessed accounts as that term is defined in OAR 150-314.415(1)(e)-(B)(1)(d). OAR 150-314.416(1)(e)-(2) provides that in the event of a nonassessed account, the department "**may offset** a refund \* \* \* when the taxpayer sends the department written authorization." (Emphasis added.) It is unclear from that rule whether, in the case of multiple nonassessed accounts, the directions of the taxpayer's written authorization or the rule on application to the newest account first is to be followed.

[4] The stipulation does not specify but the court assumes that no appeal of the assessments was taken so that the accounts in question were all "assessed accounts" under the regulations.

appears that the 1995 account was set up after the accounts for 1990 and 1992. In 2001, the department also determined that a refund was due to taxpayer for the 1997 and 1998 tax years. Pursuant to OAR 150-314.415(1)(e)-(B)(4), the department applied the refund amounts for 1997 and 1998 to the "newest" account that had been assessed, the 1995 account.

■■ ORS 314.415(1)(e) provides that an overpayment of tax "shall be credited against any tax, penalty or interest then due." The accompanying administrative rule further explains that the newest account, defined as the account with the most recent set-up date, is the account that is first offset when the department is authorized by a taxpayer to apply a refund amount to tax liabilities. *See* OAR 150-314.415(1)(e)-(B)(2)(a), (4). Those regulations are not inconsistent with the statute. Taxpayer has shown no reason why the department could not validly choose the ordering rule it adopted. Some rule is needed. Together, the statute and rules supply a necessary, and not unreasonable, guideline for the order of application of a refund where deficiencies in more than one year have been established. Although taxpayer would like a different rule, taxpayer has presented no persuasive reason why the rule promulgated by the department should not be followed. Indeed, the rule taxpayer proposes might well disadvantage him or others under different facts or circumstances.

Quite apart from the fact that the department followed a valid regulation, taxpayer has not shown how the department's actions adversely affected him. In 2001, the department had $1,568.51 to credit to taxpayer. If the department had acted as taxpayer proposes, it would have applied that refund amount to the 1990 tax year. However, for the 1990 tax year, a penalty had been assessed against taxpayer under ORS 305.992,[5] which does not appear to

---

[5] ORS 305.992 provides:

"(1) If any returns required to be filed under ORS chapter 118, 314, 316, 317, 318, 321 or 323 or under a local tax administered by the Department of Revenue under ORS 305.620 are not filed for three consecutive years by the due date (including extensions) of the return required for the third consecutive year, there shall be a penalty for each year of 100 percent of the tax liability determined after credits and prepayments for each such year.

"(2) The penalty imposed under this section is in addition to any other penalty imposed by law. However, the total amount of penalties imposed for any taxable year under this section, ORS 305.265(13), 314.400, 323.403 or 323.585 shall not exceed 100 percent of the tax liability."

accrue interest. Taxpayer has admitted that the amount of the penalty was $1,647. Under ORS 305.265(13),[6] payments must first be applied to penalty, then to interest, and then to tax due. Taxpayer has not asserted that this statute is inapplicable or unconstitutional.

Thus, even under taxpayer's position, the entire refund amount from 1997 and 1998 would have been applied to the penalty amount, and no reduction in the interest bearing principal amount of tax due could have occurred. Indeed, it is possible that application of the refund amount to the 1995 tax year may have been a relative benefit to taxpayer if it reduced interest bearing "principal" in that year. Application of the payment to the 1995 year could not, however, have been any worse for taxpayer than if the payment had been applied to the 1990 tax year.

■       In this case, taxpayer would benefit from application of the refund to the earliest year **only if** that application would reduce the early year deficiency amounts **as of the date of the original return**—that is if the credit was treated as a payment of tax in the year the return was due. Oregon law does not permit that treatment. ORS 314.415(1)(e) directs that in the event of an overpayment of tax, the amount of the overpayment and any interest thereon, shall first be credited against "any tax, penalty or interest **then** due from the taxpayer." (Emphasis added.) The overpayment amount is not credited against any tax originally due. Instead, the overpayment amount, which may include an interest component in favor of the taxpayer, is applied only when it is computed and only against then outstanding liabilities.

Not only is the statutory directive of ORS 314.415(1)(e) clear, the alternative reading apparently urged by taxpayer would result in a double benefit to taxpayer. Taxpayer's construction would take advantage of the interest

---

[6] ORS 305.265(13) provides:

"Every deficiency shall bear interest at the rate established under ORS 305.220 for each month or fraction of a month computed from the due date of the return to date of payment. If the return was falsely prepared and filed with intent to evade the tax, a penalty equal to 100 percent of the deficiency shall be assessed and collected. All payments received shall be credited first to penalty, then to interest accrued, and then to tax due."

accrual on the refund amount provided under ORS 314.415(1)(a) because time has passed between the return and the refund payment, but then seek to ignore that passage of time and treat the refund amount as paid at the time the return was filed. Such a construction is illogical. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that Defendant's cross-motion for summary judgment is granted. Costs to Defendant.