IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| LINDA B. TESNER, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 140357D |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION** |

This Final Decision incorporates without change the court's Decision, entered

April 29, 2015.  The court did not receive a statement of costs and disbursements within 14 days

after its Decision was entered.  *See* TCR-MD 16 C(1).

This matter is before the court on Defendant's Recommendation, filed February 9, 2015.

Plaintiff filed her Complaint on September 18, 2014, requesting that Defendant accept self-

assessed income tax returns for tax years 2011 and 2012.  In its Recommendation, Defendant

agreed with Plaintiff's self-assessed income tax returns for tax years 2011 and 2012, received

January 2, 2015, stating:

> "The plaintiff filed a married filing separate tax return for 2011 showing a refund
> in the amount of $1,087.00.  The defendant agrees with the computations. * * *
> The plaintiff filed a married filing separate tax return for 2012 showing tax to pay
> in the amount of $1,259.00.  The defendant agrees with the computations."

(Def's Recommendation at 1.)

Plaintiff disputes Defendant's "processing of the year 2011 overpayment."  (Ptf's Resp to

Def's Case Disposition Recommendation at 2.)  In her Response to Defendant's Case

Disposition Recommendation, filed February 23, 2015, Plaintiff stated:

/ / /

FINAL DECISION  TC-MD 140357D                                                                                          1

"The year 2011 overpayment is an amount paid on April 15, 2012, the due date of the 2011 return, and held by defendant since the statutory payment date. Consistent with defendant's Administrative Rule 150-314.415(2)(f)-(A), which recognizes the offset of liability and refunds, the overpayment should be applied as an April 15, 2012 payment on the 2012 liability. As the ORS 305.992 penalty is computed on the amount of a tax liability which takes payment credits into account, a correct application of the year 2011 overpayment is significant to the computation of the penalty which will be due under that section.

"The ORS 305.992 penalty is the only penalty liability at issue in this case. That penalty provision, rather than 'any' penalty should be referenced in the judgment for this case."

(*Id*. at 2-3.)

In its Response to Plaintiffs [*sic*] Recommendation, filed March 16, 2015, Defendant wrote:

"If there is an overpayment of income taxes for a taxable year, and the taxpayer elects on a return (including an amended return) for that taxable year filed after the due date (determined with regards to any extension to time for filing) to have the overpayment credited against an installment of estimated tax for a subsequent taxable year, the overpayment shall be credited against that installment of estimated tax. The amount credited shall be deemed paid as estimated tax on the date the return was filed (ORS 316.583(3)). The date the 2011 return was filed was January 2, 2015. The defendant will post the refund to the 2012 tax billing as of January 2, 2015 and not April 15, 2012 as requested by the plaintiff's counsel. The plaintiff has 100% penalty on the 2012, for three years of consecutively filing late. (ORS 305.992). The refund for 2011 will offset and post to the tax liability for 2012 as of the day it was received. In addition the plaintiff did not request on the 2011 tax return to have the refund applied to the 2012 tax year. Therefore; the tax due on the 2012 tax return in the amount of $1,259 will have the statutory penalty imposed."

(Def's Resp to Ptf's Recommendation at 1.)

On March 23, 2015, Plaintiff filed her Response to Defendant's Case Disposition Submission of March 13, 2015. Plaintiff stated that Defendant's proposal to "'* * * send a refund check and a bill' * * * is contrary to Administrative Rule 150-314.415(2)(f)-(A) which dictates offset of the year 2011 overpayment against the 2012 liability." (Ptf's Resp to Def's Case Disposition Submission of Mar 13, 2015 at 2.) Plaintiff further stated that "defendant's

suggestion is contrary to the clear thrust of ORS 314.412(2)(b) which is that a refund is to be issued only if an overpayment is greater than an outstanding liability. Additionally, computation of the net liability base on which the penalty is to be imposed necessitates that the overpayment be applied as a credit or other payment in determining the net liability. ORS 305.992(1)." (*Id.* at 3.)

The court's Order filed March 31, 2015, ordered the parties to "file written statements with the court no later than April 10, 2015, indicating if they will seek to submit additional briefing on the issues discussed in Defendant's February 23, 2015, Response and the subsequent responses." (Order at 1, Mar 31, 2015.) Plaintiff's Statement Concerning Additional Briefing, filed April 6, 2015, stated that "plaintiff does not request an opportunity for additional briefing <u>unless</u> defendant makes such a request." (Ptf's Statement Concerning Additional Briefing at 2.) (Emphasis in original.) Defendant did not file a response to the court's Order. The matter is ready for decision.

ORS 314.415(2)(f)[1] states, in pertinent part, that:

> "Where there has been an overpayment of any tax imposed, the amount of the overpayment and interest on the overpayment shall be credited against any tax, penalty or interest then due from the taxpayer, and only the balance shall be refunded."

Defendant promulgated regulations for ORS 314.415. Oregon Administrative Rule (OAR) 150-314.415(2)(f)- (B),[2] titled Refund Offset Priority, provides, in relevant part:

/ / /

/ / /

---

[1] References to the Oregon Revised Statutes (ORS) are to 2013.

[2] References to the Oregon Administrative Rules (OAR) are to 2014.

"(1) Definitions for purposes of this rule.

"* * * *

"(d) Assessed accounts. The tax account that has not been appealed or paid and a written notice of assessment stating the amount so assessed has been sent to the taxpayer."

"* * * *

"(2) The department will offset a refund to assessed accounts."

Plaintiff argues that her 2011 income tax refund should be credited to the 2012 tax year as of the due date of the original 2011 tax return, April 15, 2012. (Ptf's Resp to Def's Case Disposition Recommendation, at 2.) Oregon law does not permit that application. ORS 314.415(2)(f) directs the Department of Revenue to credit an overpayment of tax against "any tax, penalty or interest *then* due from the taxpayer." (Emphasis added.) As the Regular Division explained in *Lucas v. Department of Revenue*, "[t]he overpayment amount is not credited against any tax originally due. Instead, the overpayment amount, which includes an interest component in favor of the taxpayer, is applied only when it is computed and only against then outstanding liabilities." 17 OTR 9, 16 (2003).

In this case, Defendant concluded that because the "date the 2011 return was filed was January 2, 2015[,] [t]he defendant will post the refund to the 2012 tax filing as of January 2, 2015 and not April 15, 2012 as requested." (Def's Resp to Ptf's Recommendation at 1.) Defendant assessed Plaintiff's tax-to-pay for tax year 2012 on July 22, 2014, in its Notice of Determination and Assessment. On January 2, 2015, Plaintiff filed her 2012 state income tax return, self-assessing a tax-to-pay of $1,259 and resulting in Plaintiff's account being assessed for an amount greater than Defendant's original assessment. Plaintiff also filed her 2011 state income tax return on January 2, 2015, resulting in a refund of $1,087. As of that date (January 2,

2015), Plaintiff's overpayment amount was "computed" and Plaintiff's tax-to-pay for tax year 2012 was an "outstanding" liability. *See Lucas*, 17 OTR at 16.

As of April 15, 2012, Plaintiff's refund had not been computed, and Plaintiff's 2012 tax-to-pay had not been assessed because Defendant did not post its Notice of Determination and Assessment until July 22, 2014. As of April 15, 2012, Plaintiff's 2012 tax-to-pay was not an "assessed account" that Plaintiff's refund could offset to. *See* OAR 150-314.415(2)(f)- (B). Plaintiff did not file her 2012 state income tax return until January 2, 2015, which is when the overpayment from the 2011 tax year first became available to offset Plaintiff's 2012 tax-to-pay. In sum, Defendant's proposed application of Plaintiff's 2011 income tax refund to Plaintiff's 2012 tax-to-pay conforms with applicable law while Plaintiff's proposed application does not. Now, therefore,

IT IS THE DECISION OF THIS COURT that for tax year 2011, Plaintiff is entitled to an income tax refund in the amount of $1,087 with applicable statutory interest.

IT IS FURTHER DECIDED that for tax year 2012, Plaintiff has a tax-to-pay in the amount of $1,259. Interest and penalty (*see* ORS 305.992) will be assessed in accordance with applicable law.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER DECIDED that in compliance with ORS 314.415(2)(f) Plaintiff's 2011 state income tax refund with applicable interest shall be applied as of January 2, 2015, to Plaintiff's 2012 tax-to-pay.

Dated this _____ day of May, 2015.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was filed and entered on May 18, 2015.*