IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

BRIAN LYNOTT,                        )
and JENNIFER LYNOTT,                 )
                                     )
            Plaintiffs,              )     TC-MD 250136N
                                     )
      v.                             )
                                     )
DEPARTMENT OF REVENUE,               )
State of Oregon,                     )
                                     )
            Defendant.               )     **DECISION**

This matter came before the court on Defendant's Motion to Dismiss for Lack of Subject

Matter Jurisdiction (Motion), filed May 5, 2025, arguing that this court lacks jurisdiction over

refund offsets made pursuant to an agreement with the Internal Revenue Service (IRS).

Plaintiffs filed their response on May 27, 2025.  Plaintiffs requested additional time to file a

supplemental response to Defendant's Motion, which the court granted, but Plaintiffs did not

ultimately file any further response.  Because the parties briefed the issues of subject matter

jurisdiction as well as other issues regarding the offset, the court construes the briefings as cross

motions for summary judgment.[1]  The case is ready for decision.

## I. STATEMENT OF FACTS

Plaintiffs request return of their state income tax refund for the 2023 tax year.  (Compl at

1.)  The refund was offset by Defendant and sent to the IRS for application to an outstanding

federal income tax debt.  (Def's Mot at 2.)  Defendant sent Plaintiffs a Notice of Refund Offset,

dated March 18, 2025, notifying them that their refund had been offset in compliance with an

---

[1] *Compare* Tax Court Rule (TCR) 21 A (listing the defenses that may, at the option of the pleader, be made by motion to dismiss), *with* TCR 47 A-C (describing when and how parties may move for summary judgment).

IRS levy as part of the State Income Tax Levy Program (SITLP). (Compl at 3.)

The SITLP "is an automated levy program by the IRS that uses state income tax refunds as a levy source for the IRS." (Decl of Keri Miller at 1, ¶ 3.) Every two weeks, the IRS sends Defendant an electronic file of Oregon taxpayers subject to IRS levy, identifying the taxpayers by name and social security number, and identifying the amount of liability subject to levy. (*Id.* at ¶ 4, Ex 1 at 2.) Defendant then compares the individuals on the levy file with individuals on its state income tax refund database. (*Id.* at 1-2, ¶ 4.) When Defendant identifies a match, it "applies the levy amount against the individual's state tax refund and remits the funds to the IRS." (*Id.* at 2, ¶ 4.) In accordance with this process, Defendant "intercepted [P]laintiffs' 2023 state personal income tax refund and remitted it to the IRS." (*Id.* at 2, ¶ 7.)

## II. ANALYSIS

The ultimate issue presented is whether Plaintiffs are entitled to their 2023 state income tax refund, which was offset by Defendant to the IRS under the SITLP program. Defendant disputes that this court has subject matter jurisdiction to hear such a claim. Plaintiffs maintain that this court can hear their claim and raise various challenges to the offset, relying on state, federal, constitutional, and other arguments. The court first considers Defendant's subject matter jurisdiction challenge and then proceeds to consider Plaintiffs' various challenges to the offset.

A.     *Subject Matter Jurisdiction*

Generally, this court has jurisdiction over all questions of law and fact arising under the tax laws of Oregon. ORS 305.410(1).[2] That includes "questions which must be resolved in order to decide taxability or the amount of tax," but not a "precondition to taxation * * * if jurisdiction to decide that precondition has been affirmatively located in another court or if a

---

[2] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2023.

decision on the precondition has substantial non-tax consequences." *Sanok v. Grimes,* 294 Or 684, 697, 662 P2d 693 (1983). The court summarized, "a claim is not one 'arising under the tax laws' unless it has some bearing on tax liability." *Id.* at 701.

Defendant argues that, according to that standard, this court does not have jurisdiction over Plaintiffs' claim. (Def's Mot at 3.) Plaintiffs do not raise any questions which must be resolved in order to decide taxability or the amount of tax under state law, and none of their claims have any bearing on state tax liability. Instead, Defendant characterizes Plaintiffs' claim as "purely federal" and a challenge only to their federal tax liability. (*Id.*) Therefore, according to Defendant, this court does not have subject matter jurisdiction to hear Plaintiffs' claim.

*Sanok* described the boundaries of this court's jurisdiction "*before* a tax liability is determined[.]" *Perkins v. Dept. of Rev.,* 22 OTR 370, 374-375 (2017) (emphasis in original). As this court observed in *Perkins*, it is not clear what *Sanok's* boundaries mean "*after* a tax liability is determined." *Id.* (emphasis in original). Considering the analytical framework provided in *Sanok*, this court held that "the relevant analysis to determine whether the Tax Court has jurisdiction over a claim concerns the nature of the relief requested." *Id.* In that analysis, the court considers if the legislature located jurisdiction over the claim elsewhere – that is, outside of this court. *Id.* at 375. Here, Plaintiffs seek the return of their state tax refund – a claim that arises after tax liability is determined – so *Perkins* guides the analysis.

ORS 314.415(1) requires the department to issue taxpayer a refund if "the amount of the tax due is less than the amount theretofore paid[.]" The statute contains numerous clarifications and exceptions – including a reference to "offsets" – and this court has heard a variety of claims under ORS 314.415. *See, e.g., Day v. Dept. of Rev.,* 20 OTR 220 (2010) (considering whether a refund claim was timely under ORS 314.415(2)); *Lucas v. Dept. of Rev.*, 17 OTR 9 (2003)

(considering whether the department erred in applying refunds to deficiencies under ORS 314.415(1)); *Smith v. Dept. of Rev.*, TC-MD 160196N, 2017 WL 728738 (Or Tax M Div, Feb 24, 2017) (considering whether the taxpayer was entitled to her share of a refund that the department offset to her spouse's federal liability.) The claims in those cases concerned not tax liability, but rather the department's denial, application, or offset of a refund.

Here, Plaintiffs' claim is essentially that they were entitled to a refund that they did not receive. This is the type of claim that may be properly brought to this court under ORS 314.415. As construed, Plaintiffs' claim under ORS 314.415 survives Defendant's motion to dismiss for lack of subject matter jurisdiction. Having reached that conclusion, this court now proceeds to consider whether Plaintiffs have identified any legal basis to support their requested relief.

B.      *Summary Judgment*

Because there are no factual disputes and both parties have briefed all relevant legal issues, the court now considers whether either party is entitled to prevail on summary judgment. The court grants summary judgment where the documents on file show "there is no genuine issue as to any material fact" and "the moving party is entitled to prevail as a matter of law." TCR 47 C; TCR-MD 13 B. Plaintiffs argue that Defendant's offset violated state, federal, and constitutional law. Defendant argues the offset was valid and required under the SITLP.

As discussed above, Plaintiffs' claim is for a refund under ORS 314.415(1), which requires Defendant to issue a refund in the case of an overpayment of tax. Defendant's duty to issue refunds under ORS 314.415(1) is subject to certain limitations, including its duty to collect certain debts by offset. *See* ORS 314.415(2)(b); *Appellof v. Dept. of Rev.*, 2017 WL 6343617 at *2 (Or Tax M Div, Dec 12, 2017). Under ORS 305.612(1), Defendant has authority to enter into reciprocal agreements with the IRS for the purpose of offsetting state tax refunds to pay

liquidated federal debt. Using that authority, Defendant entered into an agreement with the IRS to participate in the SITLP. (Def's Mot at 1.)

Nevertheless, Plaintiffs make several arguments challenging the validity of the offset. Plaintiffs clarify that they "are not asking this [c]ourt to adjudicate the merits of their federal tax dispute with the IRS." (Ptfs' Resp at 2.) Instead, Plaintiffs argue that Defendant has an obligation to ensure that a federal tax debt is "liquidated and final" before offsetting a state tax refund. (*Id.*[3]) The court now reviews the authority cited by Plaintiffs as support for that argument.

1.    *Plaintiffs' arguments under state statute*

Plaintiffs argue that Defendant's offset of their 2023 state tax refund violated state statute, specifically ORS 293.250, but also ORS 305.220, and ORS 305.265. (Compl at 7.)

Plaintiffs argue that the offset to pay an IRS levy was invalid because Defendant failed to follow the procedures required by ORS 293.250. By its terms, ORS 293.250 applies only to offsets made by Defendant on behalf of various state agencies.[4] *See also Letkiewicz v. Univ. of Oregon,* 114 Or App 501, 503, 835 P2d 955 (1992) ("Under ORS 293.250, the Department of Revenue is authorized to 'render assistance in the collection of any delinquent account' owing to a *state agency*, and the debt may be collected by 'all means available,' including the setoff of any refunds due to a detour") (emphasis added). The levy here was on behalf of the IRS, pursuant to the SITLP and ORS 305.612(1), not on behalf of a state agency.

/ / /

---

[3] Plaintiffs do not explain what additional steps Defendant should take to ensure a debt is liquidated.

[4] ORS 293.250 establishes a "Collections Unit" within the Department of Revenue and authorizes it to "render assistance in the collection of any delinquent account owing" to specified entities, which are a state agency, certain public universities, the Oregon Health and Science University, a community college, a county, the Oregon State Bar, a local government, and a "special government body, as defined in ORS 174.117."

Plaintiffs argue that ORS 305.220 and ORS 305.265 require Defendant to ensure the validity of a debt before offsetting a refund. (Compl at 7.) Neither statute contains such a requirement. ORS 305.220 concerns the calculation of interest on deficiencies, delinquencies, and refunds arising under laws administered by the Department of Revenue. ORS 305.265 describes the notice and appeal process required when the department determines that a tax deficiency exists. The Oregon statutes cited by Plaintiffs here are inapplicable to their claim and do not support their requested relief.

2. *Plaintiffs' arguments under federal code and regulations*

Plaintiffs argue that, under IRC section 6402, 31 USC section 3716, and 31 CFR Part 285, a federal debt must be "final and legally valid" before applying any offset. (Compl at 7.) Plaintiffs' reliance on those provisions is misplaced because they do not apply to Defendant. IRC section 6402 directs the Secretary of the Treasury to refund overpayments, subject to specific exceptions, including offsets. *See Sorenson v. Secretary of Treasury of US,* 475 US 851, 861-62, 106 S Ct 1600, 89 L Ed 2d 855 (1986) (explaining that IRC sections "6401 and 6102 address the operation of the tax-refund process under the Internal Revenue Code"). Nothing in the text or otherwise indicates IRC section 6402 applies to Defendant's process for issuing refunds. Similarly, 31 USC section 3716 and related regulations apply to the heads of federal agencies seeking to collect federal debts through administrative offsets, not to Defendant. *See Astrue v. Ratliff,* 560 US 586, 589, 130 S Ct 2521, 177 L Ed 2d 91 (2010) (explaining the general scheme for collection of federal debts by administrative offset). To the extent Plaintiffs seek to challenge the sufficiency of procedures followed by the IRS or another federal agency, those issues are not properly addressed in this court.

/ / /

3.  *Plaintiffs' constitutional arguments*

Plaintiffs argue that Defendant violated Plaintiffs' Due Process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution because Defendant did not ensure the IRS debt was "liquidated and final." (Compl at 7; Ptfs' Mot Sum J at 3.) Defendant responds that it is required "to send any state personal income tax refund levied upon by the IRS in accordance with IRC § 6332(a) and its agreement with the IRS." (Def's Mot at 4.) Defendant risks exposing itself and its employees to liability if they fail or refuse to comply with the IRS levy. (*Id.*) The IRS provides Plaintiffs with notice and opportunity to be heard related to the levy. (Def's Mot at 4 n3.)

In a case involving a challenge to the offset of state tax refunds to pay state debts, the court held that due process is satisfied where there is an "opportunity to be heard before the appropriate creditor agency as to the validity and amount of the debt in question." *Brown v. Lobdell,* 36 Or App 397, 407, 585 P2d 4 (1978). Here, Plaintiffs have, or had, an opportunity to be heard before the IRS as to the validity of their debt. Defendant's offset of Plaintiffs' refund pursuant to the SITLP agreement – which, by its terms, applies only to taxpayers and amounts subject to IRS levy – satisfied the requirements of due process.[5] Plaintiffs have presented no factual allegations or legal authority to alter that conclusion.

4.  *Plaintiffs' additional argument*

Plaintiffs argue that the "Collections Statute Expiration Date" of their federal tax debt is approaching, and therefore, Defendant should decline to offset their state tax refund to pay it. (Ptfs' Compl at 9; Ptfs' Mot Sum J at 3.) Plaintiffs cite no legal authority in support of that

---

[5] Defendant may be obliged to provide taxpayers an opportunity to raise "post-liquidation" challenges to the offset, for instance, that there is a case of mistaken identity or that the debt was paid. *Brown*, 36 Or App at 408-09. But Plaintiffs have not alleged any such errors in this case.

argument, and it appears to be based on Plaintiffs' policy judgment. (Ptfs' Compl at 9 (stating Defendant "should not take action on an unproven and expiring liability").) Plaintiffs' argument provides no basis for the court to grant their requested relief.

### III. CONCLUSION

Upon careful consideration, the court concludes that it has subject matter jurisdiction to hear Plaintiffs' claim for their 2023 state tax refund. However, the court further concludes that Defendant is entitled to prevail on summary judgment as a matter of law because Plaintiffs have failed to identify any legal authority to support their requested relief. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This Decision was signed by Presiding Magistrate Allison R. Boomer and entered on September 24, 2025.*