Gene K. SMITH,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*
(TC 4616)

Gene K. Smith, Plaintiff (taxpayer) filed the motions *pro se*.

Melisse S. Cunningham, Assistant Attorney General, Department of Justice, Salem, filed the motions for Defendant (the department).

Decision for Defendant rendered July 24, 2003.

**HENRY C. BREITHAUPT, Judge.**

### I. INTRODUCTION; PROCEDURAL STATUS

This case was transferred to the Oregon Tax Court from the Douglas County Circuit Court, pursuant to ORS 14.165[1] and specially designated to the Regular Division

---

[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2001.

from the Magistrate Division for hearing. Plaintiff (taxpayer) challenges collection actions of Defendant Department of Revenue (the department), in particular the validity of a Distraint Warrant and Writ of Execution. The department has filed a Motion to Require Payment of Taxes, Penalties and Interest, Motion to Dismiss, Motion for Frivolous Appeal Penalty and Attorney Fees. Taxpayer has filed a Motion to Correct Clerical Errors; Motion to Strike Motion to Require Payment of Taxes, Penalties and Interest, Motion to Dismiss, Motion for Frivolous Appeal Penalty and Attorney Fees; and Motion to Deny Defendants Motion to Require Payment of Taxes, Penalties and Interest, Motion to Dismiss, Motion for Frivolous Appeal Penalty and Attorney Fees. Both parties have filed responses and/or replies.

In addition, taxpayer recently filed a Motion to Amend Complaint to include a cause of action for trespass. In that motion, taxpayer alleges "Amending the Complaint does not change the fundamental nature of this case." The court in its analysis will consider the Complaint to have been amended to add a cause of action for trespass and an associated request for relief either for money damages, declaratory judgment, or an order directing that a Distraint Warrant and Writ of Execution recorded in the records of Douglas County and identified with Oregon Department of Revenue Reference Number R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 100 99 12 1 (the Distraint Warrant) be removed from such records.[2]

The Distraint Warrant was issued in connection with asserted liability of taxpayer for income tax, penalty, and interest for the 1999 tax year. Taxpayer, having failed to file a return, was sent, and received, a Notice of Determination and Assessment for the 1999 tax year.[3] Taxpayer "refused" that notice, and it appears that taxpayer did not avail himself of the opportunities provided by statute for challenging a Notice of Determination and Assessment. *See* ORS 305.265(10)(a); ORS 305.275; and ORS 305.280(2).

---

[2] As to all other claims, taxpayer's requested relief is some form of declaratory judgment or order to make void the Distraint Warrant.

[3] *See* Defendant's Motion to Require Payment of Taxes, Penalties and Interest, Motion to Dismiss, Motion for Frivolous Appeal Penalty and Attorney Fees at Exhibit C.

## II. ANALYSIS

■ Until very recently, under the decision in *Utgard v. Commission*, 1 OTR 274, *aff'd*, 236 Or 596, 390 P2d 182 (1964), taxpayer's refusal to address and appeal from the Notice of Determination and Assessment within the 90-day time allowed by ORS 305.280(2) would have ended the matter conclusively. *See* ORS 305.265(14) ("Assessments and billings of taxes shall be final after the expiration of the appeal period specified in ORS 305.280, except to the extent that an appeal is allowed under ORS 305.280(3) following payment of the tax."). However, ORS 305.265(14) and ORS 305.280 were amended in 1999 so that even where a person fails to timely appeal a notice of determination and assessment in advance of payment of an assessment, the person may challenge the assessment after payment of the tax. *See* ORS 305.280(3), *amended* by Or Laws 1999, ch 249, §§ 2, 3 (applying to payments made after the 1999 effective date).

■ Taxpayer purports to have a number of objections to the actions of the department reflected in the Notice of Determination and Assessment. He could have timely appealed from that notice to the Magistrate Division of this court and had the matter heard in advance of payment of the tax. *See* ORS 305.501; *cf.* ORS 305.419 (requiring payment of the tax assessed, and all penalties and interest due, before the Regular Division of the Oregon Tax Court hears a complaint filed under ORS 305.560 or a complaint specially designated for hearing under ORS 305.501). Having failed to do that, the statutes permit the department to proceed as it has done in exercising collection remedies, including issuance of a warrant and foreclosure of related liens. *See* ORS 314.419 and ORS 314.430. Once taxpayer pays the amounts asserted to be due, voluntarily or otherwise, he may proceed under ORS 305.280(3) to raise substantive or procedural challenges to the actions of the department.[4] Prior to payment, however, the statutes do not provide for litigation of issues by way of actions to forestall or question collection actions of the

---

[4] Taxpayer's arguments have already produced a claim by the department for frivolous appeal damages and attorney fees and filings subsequent to payment could, of course, be subject to similar claims.

department when timely appeal of the initial department action has not been made. Now, therefore,

IT IS ORDERED that Defendant's motion to dismiss is granted; and

IT IS FURTHER ORDERED that Defendant's motion to require payment of taxes, penalties, and interest is denied; and

IT IS FURTHER ORDERED that Defendant's motion for frivolous appeal penalty and attorney fees is denied; and

IT IS FURTHER ORDERED that Plaintiff's Motion to Correct Clerical Errors is denied; and

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Motion to Require Payment of Taxes, Penalties and Interest, Motion to Dismiss, Motion for Frivolous Appeal Penalty and Attorney Fees is denied; and

IT IS FURTHER ORDERED that Plaintiff's Motion to Deny Defendants Motion to Require Payment of Taxes, Penalties and Interest, Motion to Dismiss, Motion for Frivolous Appeal Penalty and Attorney Fees is denied; and

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint is denied as moot.