370                    March 23, 2017                    No. 38

## IN THE OREGON TAX COURT
## REGULAR DIVISION

Randall A. PERKINS,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5275)

Plaintiff (taxpayer) filed a complaint containing claims for relief regarding timber tax. Taxpayer argued that ORS 321.600, being a statute of limitations on collection actions of timber taxes, was a tax law of this state and that the Tax Court had jurisdiction in the matter. Taxpayer further alleged that Defendant (the department) could no longer collect on timber tax amounts due from taxpayer to the State of Oregon. The underlying and recurring premise in taxpayer's claims was that the department had untimely instituted collection proceedings in contravention of ORS 321.600, which established a six-year statute of limitations on collection proceedings for timber taxes. Moving to dismiss taxpayer's complaint, the department argued that the Tax Court did not have subject matter jurisdiction over the case, because the underlying tax assessments were final and further, that the court's jurisdiction did not extend to collection matters. Granting the department's motion, the court ruled that the statutory provisions overwhelmingly demonstrated that the legislature intended to locate jurisdiction over the issuance and enforcement of timber tax warrants in either circuit court or before the department, but also that the department's general jurisdiction assertion regarding collections was too broad; in at least two instances, the legislature appeared to have provided that the Tax Court may address certain collection matters. The court concluded, in either event, that the processes for issuing and enforcing warrants for timber tax amounts due in this case were outside the jurisdiction of the Tax Court.

Oral argument on Defendant's Motion to Dismiss was held August 8, 2016, in the courtroom of the Oregon Tax Court, Salem.

Robert C. Weaver, Jr., Garvey Schubert Barer PC, Portland, filed the response and argued the cause for Plaintiff (taxpayer).

James C. Strong, Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant Department of Revenue (the department).

Decision for Defendant rendered March 23, 2017.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This case is before the court on the motion of Defendant Department of Revenue (the department) to dismiss the complaint filed by Plaintiff (taxpayer) for lack of subject matter jurisdiction, failure to state ultimate facts sufficient to constitute a claim, and failure to timely bring the action. Tax Court Rule (TCR) 21 A. Because this court lacks subject matter jurisdiction over taxpayer's claims, this court does not address the department's alternative bases for dismissal.

## II. FACTS

In considering a motion to dismiss for lack of subject matter jurisdiction, the facts in the complaint are accepted to be true. However, this court's review is not limited solely to those facts. The court may also consider "'matters outside the pleading, including affidavits, declarations and other evidence.'" *Douglas County v. Smith*, 18 OTR 450, 453 (2006) (citing TCR 21 A). The record in this case comprises the allegations in taxpayer's complaint and the declaration of Marcus Cridge, collections policy coordinator for the department, which was attached to the department's motion to dismiss.

Between 1993 and 1995, taxpayer owned forestland subject to the Western Oregon Forestland and Privilege Tax (privilege tax) and Forest Products Harvest Tax (harvest tax) provisions contained in ORS chapter 321 (referred to collectively as timber taxes). Taxpayer has not alleged that he filed timber tax returns for either tax for tax years 1993, 1994, or 1995. Nor has taxpayer alleged that he submitted timely payment for either tax for tax years 1993, 1994, or 1995.

The department assessed taxpayer for unpaid timber taxes on September 24, 1997, for tax year 1993; September 26, 1997, for tax year 1994; and July 6, 1999, for tax year 1995. Appeal from such assessments may be made to this court. ORS 305.275 (1993);[1] *see also* ORS 305.280(2),

[1] The 1993 and 1995 editions of the Oregon Revised Statutes (ORS) apply to the specific tax years at issue. There is no difference in text of the statutes in effect during those tax years.

(3) (1993) (providing time limitations for appeals of taxes contained in ORS chapter 321 to this court). Taxpayer did not allege that he appealed these assessments. They therefore became final and personal obligations. ORS 305.265(14) (1993) (providing that "[a]ssessments and billings of taxes shall be final after the expiration of the appeal period specified in ORS 305.280"); ORS 321.600 (1993) (providing that liabilities for timber taxes "constitute a debt due the State of Oregon").

A.  *Multnomah County Warrants*

On February 15, 2000, the department recorded warrants in Multnomah County against taxpayer for privilege taxes due for tax years 1993, 1994, and 1995. On the same date, the department also recorded warrants in Multnomah County against taxpayer for harvest taxes due for tax years 1993 and 1995. On July 21, 2005, the department recorded a warrant in Multnomah County against taxpayer for harvest taxes due for tax year 1994.

Taxpayer alleges that the department did not renew its warrants that were filed on February 15, 2000, in Multnomah County. Taxpayer alleges that the warrants therefore expired on February 15, 2010, pursuant to ORS 18.182 (formerly ORS 18.360) (extension of judgment remedies) and ORS 205.126(2) (enacted 1997) (expiration and extension of warrants filed in circuit court). There is no allegation that the department renewed or failed to renew its warrant filed in Multnomah County on July 21, 2005. However, taxpayer has not alleged that this warrant has expired.

B.  *Benton County Warrants*

On April 19, 2006, the department recorded warrants in Benton County against taxpayer for the timber taxes due for tax years 1993, 1994, and 1995. Taxpayer alleges that on October 16, 2013, the department "again filed distraint warrants in Benton County on five of the six alleged tax debts: the 1993, 1994 and 1995 Harvest Taxes, and the 1994 and 1995 Timber Privilege Taxes." Taxpayer alleges that the department did not "file" a warrant in 2013 with respect to timber privilege taxes for tax year 1993.

C.  *The Department's Collection Actions*

The department began garnishing taxpayer's wages in September 2006 and has continued to do so at least through May 2015. "As of May 7, 2015, $57,634.22 had been garnished" from taxpayer's wages. The department applied the garnishments solely to taxpayer's 1993 privilege tax debt. As of May 7, 2015, taxpayer alleges that the department's records indicated that taxpayer still owed the following amounts:

| Tax Year | Tax | Amount |
|----------|-----|--------|
| 1993 | Privilege Tax | $33,860.46 |
| 1994 | Privilege Tax | $  4,752.28 |
| 1995 | Privilege Tax | $13,350.62 |
| 1993 | Harvest Tax | $  9,937.96 |
| 1994 | Harvest Tax | $    209.36 |
| 1995 | Harvest Tax | $    979.51 |

D.  *Taxpayer's Complaint*

Taxpayer filed a complaint in this court containing three claims for relief. In one form or another, taxpayer alleges that the department can no longer collect on timber tax amounts due from taxpayer to the State of Oregon. The underlying and recurring premise in taxpayer's claims is that the department has untimely instituted collection proceedings in contravention of ORS 321.600 (establishing a six-year statute of limitations on collection proceedings for timber taxes).[2,3]

Taxpayer requested five forms of relief. Taxpayer requests this court to enter an order that (1) declares that the timber taxes are uncollectable and the warrants are void; (2) requires the department to return all amounts garnished, plus interest; (3) requires the department to release

---

[2] References to ORS 321.600 are to the 1993 and 1995 editions of the ORS. See 22 OTR at 375 n 6 for full text of statute.

[3] Taxpayer variously claimed that the department violated ORS 321.600, either when it recorded its warrants in circuit court or when it allegedly failed to renew its warrants in circuit court. Taxpayer also claims that the department acted *ultra vires* when it violated ORS 321.600.

its judgment liens; (4) requires the department to confirm that the timber taxes have been satisfied; and (5) requires the department to pay taxpayer's costs, disbursements, and fees.

## III.  ISSUE

The issue is whether the Oregon Tax Court has jurisdiction over challenges to the department's actions related to the issuance and enforcement of warrants under ORS 321.600.

## IV.  ANALYSIS

This court has jurisdiction over "all questions of law and fact arising under the tax laws of this state." ORS 305.410.[4] The legislature's grant of jurisdiction in ORS 305.410 "has never been a picture of statutory clarity." *Jarvill v. City of Eugene*, 289 Or 157, 162, 613 P2d 1 (1980). However, the Supreme Court has provided ample guidance to decide the issue in this case.

A.   *The Bounds of This Court's Jurisdiction*

The Supreme Court has ascertained "two boundaries" to this court's jurisdiction. *Sanok v. Grimes*, 294 Or 684, 697, 662 P2d 693 (1983). The first boundary is that "questions which must be resolved in order to decide taxability or the amount of tax do arise under the tax laws." *Id.* The second boundary is that "a precondition to taxation does not arise under the tax laws if jurisdiction to decide that precondition has been affirmatively located in another court or if a decision on the precondition has substantial non-tax consequences." *Id.* In summary, "a claim is not one 'arising under the tax laws' unless it has some bearing on tax liability." *Id.* at 701.

The boundaries ascertained in *Sanok* implicitly address questions that might arise *before* a tax liability is determined. It is not clear what these boundaries mean for actions to collect tax amounts due, which arise *after* a tax liability is determined. However, the Supreme Court

---

[4] Unless otherwise indicated, the court's references to the ORS are to the 2013 edition.

provided an analytical framework to determine whether a claim is within this court's jurisdiction.

As employed by the Court in *Sanok*, the relevant analysis to determine whether the Tax Court has jurisdiction over a claim concerns the nature of the relief requested. *Id.* at 697-98 n 22. Analyzing the nature of the relief requested helps this court "determine the subject matter of each claim." *Id.* at 698 n 22.

In addition to determining the subject matter of the claim, it is also important to consider whether the legislature affirmatively located jurisdiction over that claim elsewhere. If the legislature has, "then that procedural fact implies that the case is not one 'arising under the tax laws'" and it is not within this court's jurisdiction. *Id.* at 692 n 6. Otherwise, if this court also had jurisdiction over such matters, this court's jurisdiction would no longer be limited and exclusive.[5] *See* ORS 305.410(1). The only statutory exceptions to the limited and exclusive nature of this court's jurisdiction are found in ORS 305.410(2), which provides concurrent jurisdiction between this court and the circuit courts to determine the priority of property tax liens and the validity of certain deeds, conveyances, transfers, or assignments of property. *See Sanok*, 294 Or at 692.

With this framework in mind, this court turns to taxpayer's jurisdictional arguments.

B.   *Analysis of Taxpayer's Jurisdictional Arguments*

All three of taxpayer's claims are predicated on an argument that the department's issuance and enforcement of its warrants violated the six-year statute of limitations contained in ORS 321.600.[6] Taxpayer argues that ORS

---

[5] The court's jurisdiction is limited in that it does not reach to claims affirmatively located elsewhere. The court's jurisdiction is exclusive in that, if a claim is within this court's jurisdiction, it cannot be within another court's jurisdiction absent a legislatively created exception.

[6] ORS 321.600 (1993) provides:

"All taxes, interest and penalties due and unpaid under ORS 321.005 to 321.185, 321.257 to 321.381, 321.405 to 321.520 or 321.560 to 321.600 shall constitute a debt due the State of Oregon and may be collected, together with interest, penalty and costs, by appropriate judicial proceeding, which remedy

321.600, being a statute of limitations on collection actions of timber taxes, is a tax law of this state. Accordingly, taxpayer argues that this court has jurisdiction over his claims because the only, or primary, issue before this court is whether the department violated the provisions of ORS 321.600.

Making arguments under ORS 321.600 does not, alone, create jurisdiction in this court. Under *Sanok*, this court looks to the nature of the relief requested to determine the nature of taxpayer's claims.

With respect to taxpayer's five requests for relief, his first request—relating to the collection of the tax amounts due—is the only independent request. The remaining requests for relief merely effectuate, or are contingent on, taxpayer's first request.[7] Accordingly, if this court does not have jurisdiction over claims supporting taxpayer's first request for relief, then it does not have jurisdiction to consider taxpayer's complaint.

Taxpayer argues that this court has jurisdiction over his complaint because he "seeks declaratory and injunctive relief, which have 'some bearing on tax liability.'" According to taxpayer, "his claims relate to [taxpayer's] 'taxability' and 'the amount of tax.'" Taxpayer "seeks declaratory relief regarding acts of misconduct by the Department of Revenue and procedural defects resulting in tax liability exceeding what was allowed under the applicable timber tax statutes, namely, *the time limitation on collection of taxes*."

Taxpayer's first request for relief may relate to a claim or claims regarding tax *collection*, but it does not relate to tax *liability*. Taxpayer does not now contest the amount of timber taxes assessed by the department, and he did not

is in addition to all other existing remedies. However, no proceeding for the collection of taxes under ORS 321.005 to 321.185, 321.257 to 321.381, 321.405 to 321.520 or 321.560 to 321.600 shall be instituted after the expiration of six years from the date such taxes were due."

[7] Recall that the remaining requests for relief are for an order directing the department to return all amounts garnished plus interest, release all of its judgment liens, confirm to taxpayer that the timber taxes have been satisfied, and pay taxpayer's costs, disbursements, and fees.

appeal from them to this court. Those assessments are now final as to tax liability.[8] ORS 305.265(14) (1993).

At bottom, taxpayer argues that the department violated the statutory procedures to collect timber taxes due and owed by taxpayer. The question then is whether this court has jurisdiction over such collection claims. A review of the statutes providing for the issuance and enforcement of warrants for timber tax debts demonstrates that the department's collection actions, and objections thereto, belong either before the department or in circuit court—in either event outside the jurisdiction of this court. That fact runs counter to a conclusion that this court has exclusive jurisdiction over such matters, and implies that jurisdiction has not been located in this court. *Sanok*, 294 Or at 692 n 6.

First, once a timber tax debt is determined, the department may collect on that debt by issuing a "warrant for the payment of the amount of the tax, with the added penalties, interest and cost of executing the warrant." ORS 321.570(1).

Second, after issuing such a warrant, the department may "record the warrant in the County Clerk Lien Record of any county of this state." ORS 321.570(2).

Third, once the warrant is recorded under ORS 321.570 in the *County Clerk Lien Record*, it "has the effect described in ORS 205.125." ORS 321.570(2).

Fourth, the department (as agent of the State of Oregon) may collect on such debt "by appropriate judicial proceeding." ORS 321.600. The legislature did not explicitly place jurisdiction over such proceedings in this court. As will be seen, such proceedings are *not*, under *Sanok*, located in this court. In addition, to determine whether a warrant has been properly recorded would require this court to inquire into the relevant county records.

---

[8] Taxpayer argues that the finality of the department's timber tax assessments has no bearing here when taxpayer's cause of action for allegedly untimely collection activity by the department did not accrue until "many years after the taxes became due." That is not relevant to the issue before this court. It does not change the nature of taxpayer's claim, or whether it is within this court's jurisdiction.

Fifth, ORS 205.125 provides that a warrant is treated like a judgment entered *in that county*, becomes a lien upon the property of the taxpayer "in the same manner as a judgment that creates a judgment lien under ORS chapter 18," and "may be enforced as provided in ORS 205.126." ORS 205.125(3), (4).

Sixth, the provisions in ORS 205.126 direct the agency to "file in the circuit court" a copy of the warrant. ORS 205.126(1). Once the warrant is satisfied, ORS 205.525 provides that satisfaction of the warrant must be recorded in the county. ORS 205.525(2).

Seventh, ORS 205.126 provides that the agency may enforce the warrant by various "proceedings," including garnishment, as provided in ORS chapter 18. *See* ORS 205.126(1)(a) (writs of execution), (b) (proceeding in support of execution), and (c) (garnishment). It is apparent that these are the types of "appropriate judicial proceeding[s]" considered in ORS 321.600. This court is a stranger to such judicial proceedings.

Eighth, and of great importance, ORS chapter 18 does not apply to the Tax Court. *See* ORS 18.025 (providing that the provisions of ORS chapter 18 apply to "circuit courts, municipal courts and justice courts and to county courts performing judicial functions"). In addition, judgments, and accordingly warrants as provided in ORS 321.570(2), may be enforced by execution only by the court in which the judgment (or warrant) is filed, or in the circuit court where the debtor resides. ORS 18.252.

Ninth, ORS chapter 18 provides opportunities for debtors to object to collection actions *in circuit court. See, e.g.*, ORS 18.700 - 18.718 (challenge to garnishment); ORS 18.892 - 18.899 (challenge to writ of execution). Debtors may also object to the collection actions of a sheriff pursuant to chapter 18 in the circuit court, which will resolve any disputes and "provide such additional instructions to the sheriff as may be necessary." ORS 18.992. It is difficult, or impossible, to see how this court has the authority to direct a *county sheriff* on whether or how to conduct collection actions in accordance with chapter 18, given the fact that chapter 18 does not apply to this court.

Tenth, returning to ORS chapter 321, once the warrant is recorded *in the county*, *the department* may "direct the sheriff for the county in which the warrant is recorded to levy upon and sell the real and personal property of the taxpayer found within that county, and to levy upon any currency of the taxpayer found within that county." ORS 321.570(2). Again, this court is not provided with the explicit authority to direct sheriffs for the county.

Eleventh, the *county sheriff* is to "proceed on the warrant in the same manner prescribed by law for executions issued against property pursuant to a judgment." ORS 321.570(2); *see also* ORS 321.570(4) (providing that, until the warrant is satisfied in full, the department "has the same remedies to enforce the claim for taxes against the taxpayer as if the state had recovered judgment against the taxpayer for the amount of the tax").

In summary, the statutory provisions overwhelmingly demonstrate that the legislature intended to locate jurisdiction over the issuance and enforcement of timber tax warrants in either circuit court or before the department. In either event, the processes for issuing and enforcing warrants for timber taxes amounts due are outside this court's jurisdiction.

The legislature has provided for the department to pursue the collection of tax amounts due by issuing warrants. Then, to collect on those warrants, the department is directed to record them in circuit court, which affords them the status of judgments, and to enforce them as provided in ORS chapter 18, which does not apply to this court. If taxpayer disputes that the department may collect on a warrant, it may challenge the garnishment, judgment lien, and other collection actions related to that warrant *in circuit court*.[9] In those proceedings, taxpayer can raise any defenses

---

[9] The court notes that taxpayer has also made arguments challenging the *issuance* of the warrants in this case, including that there is no other forum available for a taxpayer to challenge such issuance. Because the department may issue warrants administratively, *see* ORS 321.570(1), the circuit court may not be the appropriate forum to challenge the *initial issuance* of the warrant. However, a taxpayer may make its objections known to the department after receiving a copy of the warrant. *See* ORS 321.570(1) ("A copy of the warrant shall be mailed or delivered to the taxpayer ***."). In addition, the department cannot *enforce* a

or arguments that it thinks are appropriate and applicable, including the limitations period contained in ORS 321.600.[10]

C.   *Taxpayer's Arguments Under* Numrich v. Dept. of Rev.

Taxpayer argues that this court has demonstrated its jurisdictional reach over collection matters in *Numrich v. Dept. of Rev.*, 17 OTR 402 (2004). According to taxpayer, *Numrich* stands for the proposition that this court has jurisdiction over collection matters, including the case currently before this court. Taxpayer's reliance on *Numrich* is misplaced.

In *Numrich*, the taxpayer presented eleven claims in this court, including claims as to the collection actions of the department. *Id.* at 403-04. The department, after reviewing the case, admitted that it had sent pertinent notices to an incorrect address for the taxpayer. *Id.* at 403. It "therefore undertook to abate any assessments, discharge related liens," and "refund[] to taxpayer any funds previously garnished together with interest." *Id.* at 403, 405. It then moved to dismiss the taxpayer's complaint.

This court analyzed taxpayer's claims and determined that the only claims that were arguably within the court's jurisdiction would be mooted by the department's actions. *Id.* at 406-07; *see also id.* at 405 (noting "taxpayer admits this court does not have jurisdiction over any claims sounding in tort"). Accordingly, this court granted the department's motion, but "retain[ed] jurisdiction" to ensure that the department acted in accordance with its representations and undertakings, the completion of which would

---

warrant until it is recorded in circuit court. *See* ORS 321.570(2) ("*After recording a warrant*, the department may direct the sheriff for the county *** [to collect on the debt].") (Emphasis added.) Accordingly, a taxpayer may challenge the validity of a warrant in circuit court at such time as the department seeks to enforce it.

[10] Taxpayer argues that only this court, not the circuit courts, should interpret the limitations period contained in ORS 321.600. Taxpayer appears to be making an appeal to this court's expertise in tax matters. Such an appeal is not well taken. There is no indication that the circuit courts lack the skills or expertise to interpret a statute of limitations. Indeed, the circuit courts would seem to have more experience in collection matters than this court, and may be better suited to interpret a statute of limitations on such collection matters. The circuit courts are already tasked with addressing statutory limitations imposed upon collection matters. *See, e.g.*, ORS 18.345 - 18.364 (personal property exemption); ORS 18.385 (wage exemption); ORS 18.395 - 18.422 (homestead exemption).

render the matter moot. *Id.* at 408. Because those claims, including the taxpayer's collection claims, were dismissed as moot, they were not justiciable, and this court never addressed subject matter jurisdiction.

*Numrich* does not help taxpayer here. Taxpayer here argues that "ORS 321.600, the substantive, statutory bar to the institution of collection proceedings for timber taxes after six years of becoming due * * * is a 'tax law of this state.'" That bald assertion is belied by the above statutory analysis, and unchanged by *Numrich*. Without an independent basis for establishing subject matter jurisdiction in this court, taxpayer cannot seek relief from the issuance or enforcement of timber tax warrants by the department.

D.  *Jurisdiction Over Collection Matters*

Before concluding, this court addresses the assertion by the department that this court's jurisdiction "does not extend to collection matters." That assertion is too broad. In at least two instances, the legislature appears to have provided that the Tax Court may address certain collection matters.

First, ORS 305.180 provides that a warrant issued by the department has the same effect as a judgment for purposes of out-of-state collection proceedings. However, if the laws of another state require a judgment to be issued by a court, then the department may seek a judgment from this court. ORS 305.180(1). To do so, the department must give notice to the taxpayer of its intent to seek a judgment from this court. ORS 305.180(2). The taxpayer then has an opportunity to either pay the amount due, or to file a complaint in this court "contesting the validity of the warrant." ORS 305.180(2)(b). If the taxpayer does not, and the department shows that the warrant was issued correctly, this court "shall enter a judgment" in favor of the department. ORS 305.180(4). That judgment may then be enforced in the other state.[11]

Second, ORS 305.620(1) provides that state agencies (including the department) and political subdivisions of the

---

[11] At which time, the debtor may make any appropriate arguments as exist and are appropriate under that state's laws, including exemptions.

state may enter into agreements with respect to the "collection, enforcement, administration and distribution of local taxes." ORS 305.620(6) provides this court with "exclusive jurisdiction to review determinations of the Department of Revenue * * * relating to the collection, enforcement, administration, and distribution of local taxes under agreements entered into under" ORS 305.620(1).

Moreover, in another order entered on this date, this court concluded that it has jurisdiction over claims arising under ORS 305.890 (2015), a statute which provides for taxpayers a right to enter into installment agreements with the department to pay a tax liability if the Director of the department determines that such agreements will facilitate collection. *See Christensen v. Dept. of Rev.*, 22 OTR 384 (2017). In *Christensen*, the department similarly argued that this court has no jurisdiction over collection matters, and therefore has no jurisdiction over claims related to the determination of whether to enter into an installment agreement or on what terms. *Id.* at 388-89. After reviewing the relevant statutes and legislative history surrounding ORS 305.890 (2015), this court rejected that argument. *Id.* at 389-91.

The lesson learned from the Supreme Court's decision in *Sanok*, and this court's orders in *Christensen* and here, is that generalizations, including generalizations about this court's jurisdiction over "collection" matters is dangerous. Notwithstanding the broad language contained in ORS 305.410, careful analysis of statutory and other provisions is needed in each case to determine where jurisdiction is located.

## V.   CONCLUSION

The subject matter of taxpayer's claims relate to a determination of the collectability of taxpayer's tax liability, which liability has not been challenged. The determination of collectability relates to the procedures governing issuance, recording, and enforcement of timber tax warrants. The recording and enforcement of such warrants takes place in circuit court, where taxpayers are afforded an opportunity under ORS chapter 18 to object to the basis of the warrant or the collection actions taken. ORS chapter 18 does not

apply to this court. This court does not have jurisdiction to consider taxpayer's claims related to the collectability of the timber tax warrants issued by the department and recorded and enforced in circuit court. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted.