384 March 23, 2017 No. 39

IN THE OREGON TAX COURT
REGULAR DIVISION

Charles CHRISTENSEN,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5285)

Plaintiff (taxpayer) appealed from a Magistrate Division decision involving a dispute regarding an installment agreement with Defendant Department of Revenue (the department). The department moved to dismiss taxpayer's complaint, arguing that under the relevant case law, the Tax Court had no jurisdiction over collection claims because such claims do not touch on taxability or amount of tax involved. Taxpayer argued that the dispute was within the court's jurisdiction because ORS 305.890 had a direct bearing on the collection of tax liabilities. Granting the department's motion, the court ruled that because the statutory scheme for the Taxpayer's Bill of Rights involved a determination of the department that could affect the property of taxpayer, it had jurisdiction to consider claims under ORS 305.890 as to the Department of Revenue Director's determination of whether a proposed installment agreement facilitates collection, and the Director's delegation, if any, of the authority to make such determination, but that taxpayer had failed to allege ultimate facts sufficient to constitute his claims. Pursuant to the rules of the court, the department's motion to dismiss was granted, but taxpayer was given leave to file an amended complaint.

Oral argument on Defendant's Motion to Dismiss was held via telephone on December 13, 2016.

Dominic V. Paris, Attorney at Law, Eugene, filed a response and argued the cause for Plaintiff (taxpayer).

James C. Strong, Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant Department of Revenue (the department).

Decision rendered March 23, 2017.

**HENRY C. BREITHAUPT, Judge.**

I. INTRODUCTION

This matter is before the court on the motion of Defendant Department of Revenue (the department) to dismiss the complaint filed by Plaintiff Charles Christensen

(taxpayer) for lack of subject matter jurisdiction and failure to state ultimate facts sufficient to constitute a claim. Tax Court Rule (TCR) 21 A.

## II.  FACTS

The record in this case comprises the allegations in taxpayer's complaint, which are accepted to be true for purposes of this motion.

Taxpayer alleges that he submitted to the department "a statement of financial condition and request for an installment agreement."

Taxpayer alleges that the monthly amount calculated by the department for such installment agreement "failed to account for [taxpayer's] ordinary and necessary expenses" and "failed to allow [taxpayer] an expense for attorney fees."

Taxpayer alleges that the department did not notify him of his rights during the collection process under ORS 305.860 and did not follow procedures consistent with those rights.[1]

Taxpayer alleges that the department did not provide taxpayer "a statement setting forth the procedures by

---

[1] Unless otherwise stated, references to the Oregon Revised Statutes (ORS) are to the 2015 edition. The full text of ORS 305.860 provides:

"(1) The Director of the Department of Revenue shall prepare a statement which sets forth in simple nontechnical terms:

"(a) The rights of a taxpayer and the obligations of the Department of Revenue during an audit;

"(b) The procedures by which a taxpayer may appeal any adverse decision of the department, including informal conferences and judicial appeals;

"(c) The procedures for filing and processing refund claims and filing of taxpayer complaints; and

"(d) The procedures which the department may use in enforcing the provisions of the laws of this state.

"(2) The statement prepared in accordance with subsection (1) of this section shall be distributed by the Director of the Department of Revenue to all taxpayers upon request. The director shall inform taxpayers of their rights in a brief explanatory statement included in all billing or collection notices, all notices of assessment or deficiency and all notices of refund adjustment or denial sent to the taxpayer."

which [taxpayer] could appeal [the department's] installment agreement determination."[2]

Taxpayer alleges that the Director of the department's "authority to determine whether an installment agreement will facilitate collection has not been properly delegated" as provided in ORS 305.057.[3]

Taxpayer alleges that the department's actions "effectively deprived [taxpayer] of his right to an installment agreement, in violation of ORS 305.890."

Taxpayer made five requests for relief: (1) "A declaration that ORS 305.890 and the other provisions of the Oregon Taxpayer Bill of Rights fall within the subject matter jurisdiction of the Tax Court";[4] (2) modification of the installment agreement established by the department, "taking into account" taxpayer's ordinary and necessary living expenses as well as taxpayer's expenses for attorney fees; (3) "A determination setting forth the procedures by which taxpayers may appeal [the department's] adverse collection decisions"; (4) attorney fees; and (5) "Such other relief as the Court may deem just and proper."

## III. ISSUES

The first issue is whether the Oregon Tax Court has jurisdiction over a challenge under ORS 305.890 to the department's actions relating to whether, or on what terms, to offer an installment agreement to a taxpayer for payment of a tax liability.

---

[2] The relevant text of ORS 305.890 is reproduced in the Analysis section of this order, 22 OTR at 387. ORS 305.890(1) provides for a right for a taxpayer to enter into an installment agreement to pay a tax liability if the director determines that the agreement will facilitate collection.

[3] ORS 305.057 provides:

"Whenever a power is granted of the Director of the Department of Revenue, the power may be exercised by such officer or employee within the Department of Revenue as designated in writing by the director. Any such designation shall be filed in the office of the Secretary of State."

[4] Pursuant to ORS 305.900, "ORS 305.860 to 305.900 shall be known and cited as 'The Taxpayer Bill of Rights.'" Accordingly, even though taxpayer refers to these statutes as the *Oregon* Taxpayer Bill of Rights, this court will refer to these statutes as The Taxpayer Bill of Rights.

The second issue is whether Plaintiff has pleaded sufficient facts to state a claim.

## IV. ANALYSIS

A. *Jurisdiction of the Tax Court*

This court has jurisdiction over "all questions of law and fact arising under the tax laws of this state." ORS 305.410. To determine whether a claim arises under the tax laws of this state, this court must ascertain the subject matter of the claim. *Sanok v. Grimes*, 294 Or 684, 698 n 22, 662 P2d 693 (1983). That is done by examining the nature of the relief requested in the complaint. *Id.*

The principal statute at issue in this case is ORS 305.890(1). That statute provides:

"A taxpayer shall have the right to enter into a written agreement with the Department of Revenue to satisfy liability for payment of any tax in installment payments if the Director of the Department of Revenue determines that the agreement will facilitate collection of such liability."

It is evident from taxpayer's complaint that he makes three general claims as to the collection practices of the department *vis-à-vis* the terms of an installment agreement offered to taxpayer under ORS 305.890(1). First, he claims that the department failed to properly consider his necessary life expenses and attorney fees when it calculated a monthly payment amount for the installment agreement. Second, he claims that the Director did not properly delegate her authority to determine whether an agreement will facilitate collection under ORS 305.890(1) as provided for in ORS 305.057 (providing, among other things, that delegations of authority must be filed with the Secretary of State). Third, he claims that the department did not give notice of his rights with respect to the department's determination of the terms of the installment agreement under ORS 305.860.

The Supreme Court has determined that claims regarding "taxability or the amount of tax" are within this court's jurisdiction. *Sanok*, 294 Or at 697. The Supreme Court has also determined that claims regarding a "precondition to taxation" are not within this court's jurisdiction if

"jurisdiction to decide that precondition has been affirmatively located in another court or if a decision on the precondition has substantial non-tax consequences." *Id.* The location of jurisdiction in another court as to a claim is of great importance. *Id.* at 692 n 6. "Where jurisdiction over a case is positively located in another court, then that procedural fact implies that the case is not one 'arising under the tax laws' and is not within the jurisdiction of the tax courts." *Id.*; *see, e.g.*, *Perkins v. Dept. of Rev.*, 22 OTR 370 (2017) (finding jurisdiction over the issuance and location of timber tax warrants to be located outside the Tax Court).

The Supreme Court in *Sanok* did not address whether this court has jurisdiction over claims regarding the collection of tax liabilities that have been determined and become final.[5] Nor did the Supreme Court address whether this court has jurisdiction in respect of The Taxpayer Bill of Rights.[6]

The department argues that, under *Sanok*, this court has no jurisdiction over collection claims because such claims do not touch on taxability or amount of tax.[7] Taxpayer contends that this collection dispute is within this court's jurisdiction because "ORS 305.890 has a direct bearing on the collection of tax liabilities, and can be found in Chapter

---

[5] Taxpayer does not challenge or request relief from his tax liability; he concedes "that his tax liabilities are final."

[6] The Taxpayer Bill of Rights was not enacted until after the Supreme Court issued its opinion in *Sanok*. However, the Supreme Court has not since spoken of the jurisdiction of this court over The Taxpayer Bill of Rights.

[7] The department also relies upon *Smith v. Dept. of Rev.*, 17 OTR 135 (2003), where this court stated, "Prior to payment, however, the statutes do not provide for litigation of issues by way of actions to forestall or question collection actions of the department when timely appeal of the initial department action has not been made." 17 OTR at 137-38. The facts in *Smith* presented an issue quite distinct from that existing in this case. In *Smith*, the dispositive issue was whether the taxpayer was required to pay the asserted taxes due before challenging the assessment actions of the department. *See id.* at 137; ORS 305.280(3). This court dismissed the taxpayer's complaint because the taxpayer did not pay the amount due (either voluntarily or as a result of the department's collection actions) before filing a complaint in this court as required by ORS 305.280. Accordingly, this court did not address its jurisdiction over the taxpayer's substantive claims or of collection claims generally. Most importantly, the taxpayer in *Smith* did not make any argument involving the application of The Taxpayer Bill of Rights. The department's reliance upon *Smith* for the proposition that this court does not have jurisdiction over collection claims is not persuasive.

305, titled 'Administration of Revenue and Tax Laws.'" Both parties miss the mark.

The impact of the Supreme Court's opinion in *Sanok* on collection matters is addressed more fully in another order entered on this date. *See Perkins*, 22 OTR 370. There, the department similarly argued that this court's jurisdiction "does not extend to collection matters." *Id*. at 381. This court generally agreed, but it cautioned that the department made too much out of the boundaries announced by the court in *Sanok*, a case in which the Supreme Court was only concerned with a distinction between tort claims and tax claims. *Id*. at 380-82.

Where there is statutory support for bringing a claim in the Tax Court, this court has jurisdiction over the claim, even if that claim might be one of collection. *Id*. However, the location of a statute in Title 29 of the Oregon Revised Statutes (Revenue and Taxation) is not conclusive proof that a particular statute is a tax law for purposes of this court's jurisdiction.

In *Perkins*, this court addressed whether it had jurisdiction over the taxpayer's claim that the department issued and enforced tax warrants under ORS 321.570 in violation of ORS 321.600, which provides for a six-year limitations period on collection proceedings for timber taxes. *Id*. at 373-74. Despite the location of ORS 321.600 in a chapter entitled "Timber and Forestland Taxation," this court determined that it lacked jurisdiction to consider the taxpayer's claims. *Id*. at 377-79. After analyzing the statutes providing for the issuance and enforcement of tax warrants—including ORS 205.125 and many which reside in ORS chapter 18, all of which point to courts other than this court—this court concluded that such matters ultimately belong in circuit court.[8] *Id*. at 376-80.

Although this court dismissed the collection claims before it in *Perkins*, this case is materially different. In *Perkins*, there was a statutory scheme affirmatively directing the taxpayer to circuit court. Here, in respect of the enforcement of what the legislature has described as the

---

[8] After, perhaps, an opportunity for administrative review by the department.

"right" to enter into an installment agreement, there is no indication that some other court has jurisdiction over disputes as to such "rights."[9]

Instead, the statutory scheme indicates that the legislature has not expressly pointed to any other court, other than the Tax Court, to deal with the rights in this case. A careful review of the statutes points to the Tax Court as the appropriate forum to enforce these taxpayer rights.

ORS 305.865 provides that, "Under *any law administered by the Department of Revenue*, an Oregon taxpayer shall have the rights set forth under ORS 305.880 to 305.895." (Emphasis added.) ORS 305.890(1) provides that a taxpayer has the right to enter into an installment agreement with the department if the Director *makes a determination* that the agreement will facilitate collection.

Neither of these statutes points to where such rights would be enforced. Nor do these statutes indicate how a taxpayer might attempt to enforce them. Yet, what ORS 305.890(1) provides for is a *determination* of whether an installment agreement will facilitate collection. The Taxpayer Bill of Rights applies to administration by the department of any tax law. ORS 305.865. Language from both of these statutes fit nicely into a basic statute regarding the jurisdiction of this court.

ORS 305.275 provides, in relevant part:

"(1)  Any person may appeal under this subsection to the magistrate division of the Oregon Tax Court as

---

[9] The legislature used the term "rights" in these statutes. It has long been a general rule that the violation of rights can be remedied by the initiation of a lawsuit. *Marbury v. Madison*, 5 US 137, 163, 2 L Ed 60 (1803) ("The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws whenever he receives an injury."). Given that fact, this court is reluctant to conclude that the legislature described "rights" but contemplated that there would be no jurisdiction in any court to enforce such "rights." The legislature is aware of how to preclude appeals from discretionary actions of the Director or department. *See, e.g.*, ORS 311.681(2) ("The director may, in the discretion of the director, grant or deny [a request for] retroactive deferral of property taxes. No appeal from a decision of the director under this section may be made."). The fact that the legislature did not do so with respect to The Taxpayer Bill of Rights provisions at issue in this case suggests that the legislature intended that there be some judicial review available. As will be seen, the legislature understood that jurisdiction over such review to be placed into *this court*.

provided in ORS 305.280 and 305.560, if all of the following criteria are met:

"(a)   The person must be aggrieved by and affected by an act, omission, order or *determination* of:

"(A)   The Department of Revenue in its administration of the revenue and tax laws of this state;

"*****

"(b)   The act, omission, order or *determination* must affect the property of the person making the appeal ***.

"(c)   There is no other statutory right of appeal for the grievance."

(Emphases added.)

Taxpayer alleges that the cumulative effect of the actions of the department "deprived [him] of his right to an installment agreement." If taxpayer proves his claim, he would be "aggrieved" by a "determination" of the department in its "administration of the revenue and tax laws of this state." ORS 305.275(1)(a)(A). Such a determination could affect the property of taxpayer if, absent an installment agreement meeting statutory "rights," garnishments or liens would be filed against property of taxpayer. ORS 305.275(1)(b). Finally, there appears to be no other statutory right of appeal mentioned in ORS 305.890(1) or elsewhere outside ORS 305.275. Thus, the condition found in ORS 305.275(1)(c) is satisfied.

This court concludes that it has jurisdiction over taxpayer's claims under ORS 305.890.

A review of the legislative history confirms this conclusion. The legislature enacted The Taxpayer Bill of Rights, including ORS 305.890, as a reaction to the 1988 enactment of the federal Omnibus Taxpayer Bill of Rights. *See* Oregon Society of Certified Public Accountants, *An Analysis of Changes Resulting from the Revenue Act of 1987*, 12.1-12.2, presented to the 65th Oregon Legislative Assembly, House Revenue & School Finance–State Government Finance Subcommittee (1989); Omnibus Taxpayer Bill of Rights, Technical and Miscellaneous Revenue Act of 1988, Pub L 100-647, §§ 6226-6235, 102 Stat 3342 (1988).

With help from the department, the legislature enacted an Oregon-specific taxpayer bill of rights that was relevant to Oregon's tax system—hence, not everything from the Omnibus Taxpayer Bill of Rights fit within Oregon's tax system. (House Revenue & School Finance–State Government Finance Subcommittee, Work Session (Feb 16, 1989).) During that process, the department informed the legislature that, although the Omnibus Taxpayer Bill of Rights had to have provisions addressing some areas of the United States Tax Court's jurisdiction, no such provisions were necessary in Oregon because this court "already has total jurisdiction over all tax matters." (House Revenue & School Finance–State Government Finance Subcommittee, Work Session (Feb 16, 1989).) Such a statement tends to show that the legislature understood this court to have jurisdiction over matters arising under The Taxpayer Bill of Rights, at least those that are involved here.

Just as in *Perkins*, however, the question is where the legislature intended to locate jurisdiction over particular claims. Caution is needed. The relevant analysis is whether this court has jurisdiction over claims arising under *particular statutes*, not general subject matters. This caution even applies to The Taxpayer Bill of Rights, as other provisions may or may not be within the court's jurisdiction, depending on the analysis.

For example, consider ORS 305.895, which provides for several things, including that the department "shall take no action against a taxpayer's *** property before issuing a warrant for the collection of tax *** under *** [ORS] 321.570." This court does not decide whether it has jurisdiction over collection claims under ORS 305.895, but it is worth noting that this court has held that it does not have jurisdiction over the issuance and enforcement of timber tax warrants in *Perkins*. The kind of careful analysis needed to determine whether or when this court has jurisdiction under ORS 305.895 is left to another day, but this is an example of where caution is needed. Not everything involving the collection actions of the department is outside this court's jurisdiction, and not everything within The Taxpayer Bill of Rights is necessarily within this court's jurisdiction.

B. *Sufficiency of the Pleadings*

Having rejected the department's jurisdictional challenge to taxpayer's complaint, this court now considers whether taxpayer has stated ultimate facts sufficient to constitute his claims.

As discussed above, taxpayer makes three claims. First, taxpayer claims that the department did not account for taxpayer's necessary living expenses and attorney fees when the department calculated a monthly payment amount for the installment agreement. Second, taxpayer claims that the Director's authority to determine whether a proposed installment agreement would facilitate collection was not appropriately delegated. Third, taxpayer claims that the department did not provide notice to taxpayer of his rights under ORS 305.860.

As to the first claim, taxpayer has alleged that the department "failed to account for [taxpayer's] ordinary and necessary expenses." Taxpayer also alleged that the department "failed to allow [taxpayer] an expense for attorney fees."

These allegations are insufficient to state a claim. The test under ORS 305.890 is whether the Director "determines that the agreement will facilitate collection of such liability." Even assuming that taxpayer's allegations are true, taxpayer has not alleged that the terms of the installment agreement offered by the department do not facilitate collection, or, alternatively, that failure to allow all of taxpayer's claimed expenses—including attorney fees—resulted in an installment agreement that will not facilitate collection.

As to the second claim, taxpayer has alleged "Defendant's authority to determine whether an installment agreement will facilitate collection has not been properly delegated in accordance with ORS 305.057." This allegation is insufficient to state a claim for at least two reasons. First, although it may be inferred, taxpayer has not alleged that someone other than the Director made the relevant determination. Second, even if such an inference is made, taxpayer has not alleged *how* the Director's authority has failed to be delegated under ORS 305.057. It may be that the Director

never delegated her authority. It may be that the Director delegated her authority but did not do so in writing. It may be that the Director delegated her authority in writing, but never filed it with the Secretary of State.[10] Without alleging one or more of these facts, taxpayer's allegation is nothing more than a legal conclusion.

As to the third claim, taxpayer has alleged that the department "failed to notify [taxpayer] of his rights during the collection process, as required by ORS 305.860." *Id*. Taxpayer has also alleged that the department "failed to provide [taxpayer] with a statement setting forth the procedures by which [taxpayer] could appeal [the department's] installment agreement determination."

These allegations are insufficient. First, taxpayer has not alleged either that he requested a statement of his rights and was not given a statement of his rights, or that he received a billing or collection notice, a notice of assessment or deficiency, or a notice of refund adjustment or denial that did not include a statement of his rights. ORS 305.860(2) (providing the Director must distribute statement of taxpayer rights upon request, or with one of the specified notices).

The department's motion is well taken. Under TCR 21 A, this court may, upon granting a motion to dismiss, "enter judgment in favor of the moving party or grant leave to file an amended complaint." Because taxpayer's claims under ORS 305.890 are matters of first impression before this court, taxpayer is given leave to file an amended complaint that states sufficient facts to constitute his claims.

## V.    CONCLUSION

This court has jurisdiction to consider claims under ORS 305.890 as to the Director's determination of whether a proposed installment agreement facilitates collection, and

---

[10] Taxpayer's brief in response to the department's motion to dismiss is similarly vague. Taxpayer notes that "any delegation of that power [to determine whether an installment agreement facilitates collection] must be made in writing, *and* the written delegation must be filed with the Secretary of State." Taxpayer then continues, "Because no *such* delegation exists * * *." It is not clear whether "such" delegation is a delegation that is filed with the Secretary of State, or whether "such" includes the lack of a delegation in any form.

the Director's delegation, if any, of the authority to make such determination. Taxpayer has failed to allege ultimate facts sufficient to constitute his claims, and is given leave to file an amended complaint. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted; and

IT IS FURTHER ORDERED that Plaintiff is granted leave to amend his complaint.