IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

WALTER WOODLAND,            )
                                      )
         Plaintiff,           )    TC-MD 210355R
                                        )
      v.                            )
                                        )    **ORDER DENYING PLAINTIFF'S**
DEPARTMENT OF REVENUE,    )    **MOTION FOR SUMMARY**
State of Oregon,                   )    **JUDGMENT AND GRANTING**
                                        )    **DEFENDANT'S MOTION FOR**
         Defendant.       )    **SUMMARY JUDGMENT**

This matter is before the court on cross-motions for summary judgment regarding the 2019 tax year.  Oral argument was held on January 27, 2022.

## I. STATEMENT OF FACTS

The facts of the case are not in dispute.  Plaintiff filed his 2019 Oregon tax return, Form 40, on July 20, 2020.[1]  Plaintiff's return did not contain a completed OR Form 10 - Underpayment of Oregon Estimated Tax.  Defendant adjusted Plaintiff's return by $116, representing interest for underpayment of estimated taxes and mailed a Notice of Adjustment to Plaintiff on August 21, 2020 (Letter # L0424332480).  Appeal rights were described in the notice.  Defendant sent Plaintiff a Statement of Account showing his balance due and a voucher for payment on August 21, 2020 (Letter # L1198705856).  Appeal rights were described in the notice.  Defendant sent Plaintiff a Notice of Assessment on September 14, 2020 (Letter # L1440136384).  Instructions on how to submit an interest "waiver request" was included.  Plaintiff sent a Written Objection regarding the assessment of interest on underpayment of estimated taxes (referencing Letters # 1198705856 and 1440136384), received by Defendant on

---

[1] The Notice of Assessment contained two named taxpayers indicating a joint return, however, only Mr. Woodland's name and signature appear on the appeal.

September 22, 2020. Defendant sent Plaintiff correspondence providing information regarding estimated taxes on June 24, 2021 (Letter # L0763909056). Defendant sent Plaintiff a Written Objection Determination, upholding the imposition of interest, on August 2, 2021 (Letter #L1929280448). Instructions for filing an appeal were provided. Defendant sent Plaintiff a Notice and Demand for Payment on August 6, 2021 (Letter #L1370078144). A notice entitled "Your Rights as an Oregon Taxpayer" were provided. Defendant sent Plaintiff a Distraint Warrant on September 8, 2021 (Letter #L1164351424). Plaintiff filed his complaint with the Oregon Tax Court - Magistrate Division on September 17, 2021.

## II. ISSUES

The issues in this appeal are: 1) Whether Plaintiff was required to file a statement of estimated taxes and make periodic payments prior to filing his 2019 tax return for income not subject to withholding; 2) Whether Defendant's actions in making assessments, charging interest and commencing collection activity, including the issuance of a distraint warrant for failure to pay a tax assessment, without prior judicial authorization, violates Plaintiff's Due Process rights under 14th Amendment to the United States Constitution.

## III. ANALYSIS

A.      *Taxpayers are Required to File a Statement of Estimated Taxes and Make Periodic Payments Prior to Filing their Yearly Tax Return for Income Not Subject to Withholding.*

Taxpayers are required by ORS 316.563(1), ORS 316.577, and ORS 316.579 to declare and pay estimated taxes on income not subject to withholding.[2] ORS 316.563(1) provides in part: "[e]xcept as provided in subsection (2) of this section, every individual shall declare an estimated tax for the taxable year if: (a) The gross income for the taxable year can be reasonably

---

[2] References to the Oregon Revised Statutes (ORS) are to the 2017 version.

expected to include more than $1,000 from sources other than wages as defined in ORS 316.162(2)." ORS 316.563(2) provides that "[n]o declaration is required if the estimated tax as defined in ORS 316.557 is less than the amount established by rule of the Department of Revenue. The department shall consider the provisions of section 6654 of the Internal Revenue Code in determining the amount."

Plaintiff argues that it is not possible for taxpayers to estimate their tax liability so long before a return is due. The court acknowledges that the process for estimating tax liability can be challenging. But that is why the IRS and this state have created safe harbor rules, so that if certain minimum payments are made, taxpayers are not required to pay a penalty or interest on any underpayment. ORS 316.587(8) provides a "safe harbor" that "enables the taxpayer to determine the tax due for the current year (i.e., the estimated tax) by relying on the prior year's tax." OAR 150-316-0493[3]; *Finley v. Dept. of Rev.*, TC-MD 111135C, WL 5530917 (Or Tax M Div Nov 15, 2012). If a taxpayer pays 90 percent of their current tax liability or makes quarterly estimated payments equal to 100 percent of their tax liability for the previous year, the taxpayer is safe from penalty and interest. ORS 150-316-0493. Generally, estimated tax payments for the current tax year are due in quarterly installments. ORS 316.577. If a taxpayer underpays their estimated taxes for any tax year, the taxpayer is required by ORS 316.587(1) to pay interest on the underpayment.

Plaintiff also argues that Defendant has not presented statutory authority for its rulemaking under ORS 316.563 for "an alternative method of calculation" for estimated tax liability. That contention is without merit as ORS 316.563(2) specifically authorizes the Department to make rules using IRC 6654 as a guide. Defendant has promulgated several rules,

---

[3] References to the Oregon Administrative Rules (OAR) are to the 2019 version.

OAR 150-316-0465 and OAR 150-316-0493, to detail when and how much estimated payments should be to fall under the safe harbor provisions. The court, in *Findley*, found those rules valid.

B.    *Plaintiff's Due Process Rights are Not Violated by Defendant's Administrative Procedures*.

Plaintiff asserts that the Due Process clause of the 14th Amendment to the U.S. Constitution requires Defendant to obtain judicial approval prior to assessing taxes, assessing interest, and implementing collection activity. That contention is in error. With respect to the collection of income taxes, the Due Process clause only requires a state to provide taxpayers with "a fair opportunity to challenge the accuracy and legal validity of their tax obligation." *McKesson Corp. v Div. of Alcoholic Beverages*, 496 US 18 at 39, 110 S Ct 2238, 110 L Ed 2d 17 (1990). That review is *not required* to happen *before* the taxing agency acts. *Id*. at 51.

This state provides taxpayers with a robust review process that meets the requirements of the Due Process Clause. Defendant is authorized to examine tax returns and if it finds a deficiency to compute the tax and give notice to the taxpayer and state the "department's intention to assess the deficiency, plus interest and any appropriate penalty." ORS 305.265(2). The notice must: (a) state the reason for each adjustment; (b) give a reference to the statute, regulation or department ruling upon which the adjustment is based; and (c) be certified by the department that the adjustments are made in good faith and not for the purpose of extending the period of assessment. *Id.* The notice must be "accompanied by a statement explaining the person's right to make written objections, the person's right to request a conference and the procedure for requesting a conference." ORS 305.265(5)(a). Taxpayers have 30 days to pay or file an objection to the deficiency and may request a conference. ORS 305.265(5)(b). If neither payment nor written objection is received within 30 days after the notice of deficiency has been mailed, the department must assess the deficiency plus interest and penalties and must send the

taxpayer a notice of assessment. ORS 305.265(7). Interest is due on deficiencies. ORS 305.265(13).

Taxpayers may file an appeal to the tax court from a notice of assessment. ORS 305.265(15). Taxpayers' appeal is to the Magistrate Division of the Oregon Tax Court, an entity within the Judicial Department, and completely separate from the Department of Revenue. ORS 305.501(1). The Magistrate Division does not require taxpayers to pay the tax or interest in order to appeal. Interest and collection activity are generally stayed pending that appeal. *See*, ORS 305.565. All parties are entitled to appeal an adverse decision from the Magistrate Division to the Regular Division. ORS 305.501(5). Further, unlike many other types of cases, the parties have a right to a direct appeal to the Oregon Supreme Court. ORS 305.445. In short, the procedures identified above allows for multi-level reviews by Defendant in an administrative setting, and multi-level reviews by the courts. Those procedures give taxpayers a fair opportunity to challenge their tax liability and thus the procedures meet the requirements for Due Process under the 14th Amendment.

In this case, Plaintiff did not appeal to the tax court prior to Defendant's issuance of a Distraint Warrant. Because no appeal was pending, Defendant was within its authority under ORS 305.182(a) to issue the warrant for unpaid taxes. This court has found that the department may proceed with collection remedies, including issuance of a distraint warrant without prior judicial authorization. *Smith v. Dept. of Rev.*, 17 OTR 135, 137 (2003)

Plaintiff had income subject to tax that was not subject to withholding during the 2019 tax year. Plaintiff did not file a statement of estimated taxes or make estimated payments during the 2019 tax year; instead, he paid taxes for that year on July 20, 2020. Plaintiff did not allege or demonstrate that he met the requirements of the safe harbor rule. Therefore, Defendant was

correct to impose interest on untimely paid estimated taxes.  Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is denied.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is granted.

Dated this _____ day of March 2022.

_____
RICHARD DAVIS
MAGISTRATE

***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved.  See TCR-MD 19.***

***This document was signed by Magistrate Richard Davis and entered on March 23, 2022.***