Submitted on Motion for Summary Judgment.
Decision for plaintiff rendered October 21, 1992.
This matter is before the court on plaintiff's Motion for Summary Judgment. The memoranda submitted by the parties in support of their positions raise issues of jurisdiction and statutory construction. *Page 312 
BACKGROUND
In 1976, plaintiff leased land in Morrow County. Because plaintiff was obligated under the lease to pay the property taxes, the assessor sent the tax statements to plaintiff. In mid-1986, plaintiff terminated the lease. However, no one informed the assessor of the lease termination. The assessor continued to send the property tax statements to plaintiff. Plaintiff paid the taxes on the property for 1986-87 through 1989-90. In 1990, plaintiff became aware of its mistake and demanded that Morrow County refund the taxes. The county refused. The county's response dated October 17, 1990, explained:
 "We are in receipt of your letter of October 12, 1990, whereby Portland General Electric requests refund for tax years 1986-87 through 1989-90 totalling $17,882.75. Your request for refund was made pursuant to ORS 311.806(1)(d).
 "Based upon the provisions of ORS 311.808 and 311.220, it is Morrow County's position that, as this mistake was made by PGE and/or Desert Springs Estates Ltd, [sic] and, pursuant to ORS 311.220, the County could not impose a lien on the property which has been sold to a bonafide [sic] purchaser, the property taxes should not be refunded."
Uncertain of what to do, plaintiff simultaneously appealed to the Department of Revenue and to this court. This court dismissed the complaint on the ground that, since plaintiff had filed a petition with the Department of Revenue, it must first exhaust its administrative remedy. After hearing, the department held it had no jurisdiction and could provide plaintiff no relief. Plaintiff then filed its complaint in this court, pleading in the alternative as either an appeal from the department's opinion and order or as a direct appeal to the court.
JURISDICTION
The department found plaintiff's appeal was from action of the Morrow County Court and did not fall within the normal appeal statute, ORS 305.275, or the department's supervisory authority, ORS 306.115. Accordingly, the department concluded that it did not have jurisdiction to hear the merits of plaintiff's appeal.[1] *Page 313 
In view of that finding, the next question is whether this court has jurisdiction of a direct appeal from the action of Morrow County.
1. ORS 305.410 confers jurisdiction on this court of "all questions of fact and law arising under the tax laws of this state." Plaintiff's complaint and motion for summary judgment raise a question of law arising under ORS 311.806, a tax law of this state. The court finds it has jurisdiction of plaintiff's appeal.[2]
ISSUE
2. Is Morrow County excused from refunding taxes under ORS311.806(1)(d) because the subject property has been transferred to a bona fide purchaser and is no longer subject to a lien?
The relevant portions of ORS 311.806(1)(d) provide as follows:
 "(1) The county governing body shall refund to a taxpayer, * * * taxes on property collected by an assessor or tax collector * * * plus interest thereon as provided in ORS 311.812, in the following cases:
"* * * * *
 "(d) Except as provided in ORS 311.808, whenever any person pays taxes on the property of another by mistake of any kind."
The record shows plaintiff paid property taxes on property belonging to another. Morrow County does not deny that the taxes were paid by mistake. The county declines to refund the taxes because it is prohibited by ORS 311.220 from imposing a lien on the property. Thus, if Morrow County has to refund the taxes, the property will have escaped property taxation for the years in question. *Page 314 
It is helpful to note that ORS 311.806(1)(d) only contains one exception. That exception is provided in ORS 311.808, which reads:
 "No refund of property taxes under ORS 311.806(1)(d) shall be made on real property or a mobile home when all of the following conditions are present:
 "(1) A mortgagee has requested the tax statement for the property under ORS 311.252 and has paid the tax on the property.
 "(2) The tax roll shows payment of the taxes, and thereafter the property is sold to a bona fide purchaser."
ORS 311.808 does not apply in this situation. Here the taxes were not paid by a mortgagee, but by plaintiff as lessee. Since the legislature expressly made only a limited exception to ORS311.806(1)(d), the court must conclude it did not intend any other exceptions. The language of the statute admits to no other exceptions. It is no defense for Morrow County that ORS311.220 prohibits the county from placing a lien on the property. That is not a limiting condition contemplated or permitted by the statute. Accordingly, the court finds that plaintiff's motion for summary judgment must be granted. Now, therefore,
IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment is granted and plaintiff shall recover judgment against Morrow County in the amount of $17,882.75 plus interest thereon as provided by statute.
[1] The department has other authority, such as the authority to issue declaratory rulings under ORS 305.105 or to construe statutes under ORS 305.110. The exercise of such authority may depend upon the nature of the request and the remedy sought.
[2] The court appreciates that the parties may be curious why the court did not take jurisdiction when plaintiff filed its first claim before this court. The department could have exercised its discretion and accepted jurisdiction. Until the department declined to do so, this court was without authority to accept jurisdiction as a direct appeal. *Page 315