# MULTNOMAH COUNTY,
a home rule subdivision of
the State of Oregon,
by and through its
Tax Collector, Janice Druian,
and its Tax Assessor, Robert Ellis

*v.*

# DEPARTMENT OF REVENUE
*and*

# ELF ATOCHEM NORTH AMERICA, INC.,
*Intervenor*

(TC 3557)

Sandra N. Duffy, Assistant County Counsel, Multnomah County, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, represented defendant.

Carey L. Critchlow, Portland, represented intervenor.

Decision for defendant rendered October 24, 1994.

**CARL N. BYERS, Judge.**

Plaintiffs appeal from an order holding that intervenor was entitled to refunds for property taxes paid by mistake on another's property. Plaintiffs contend that no refund should be granted because intervenor owned the property or, in the alternative, was a taxable entity using public land.

## FACTS

The parties have stipulated to the following facts: Elf Atochem North America, Inc., (intervenor) is a chemical production company operating a facility on 74.84 acres along the Willamette River in Northwest Portland. Tax Account No. R-96113-0360 is a parcel that covers 54.63 acres, excluding the submerged or submersible portion of the property.[1] Of the 54.63 acres, 15.78 acres, directly upland from the mean low waterline of the Willamette River, are filled land over what was once submerged or submersible land. This land was filled sometime before 1985. On December 12, 1990, the state notified intervenor of its ownership interest in the 15.78 acres of filled land. As a result of the letter and later negotiations, intervenor paid $126,240 to the state for the property and received in exchange a quitclaim deed on January 10, 1992.

The county assessed and taxed the entire 54.63-acre parcel, including the filled land, since at least tax year 1985-86, and intervenor paid the real property taxes in each of those years. On March 31, 1992, intervenor filed a written request to the Multnomah County Board of Commissioners for a refund in the amount of $292,233 for taxes paid on the 15.78 acres. The request for a refund was based on the fact that the State of Oregon owned the property prior to January 10, 1992, and, under ORS 307.090, state lands are exempt from property taxes.

---

[1] Simply stated, submerged land is always under water, and submersible land is sometimes under water. The statutory definitions will be set out later in the opinion.

On April 6, 1992, the board of county commissioners denied intervenor's request for a refund. Intervenor appealed that decision to the Department of Revenue which, after a hearing, issued Opinion and Order No. 92-4834 granting a refund. The order found that intervenor had mistakenly paid taxes on property owned by another. Therefore, intervenor was entitled to a refund of the taxes paid for tax years 1986-87 through 1991-92 under ORS 311.806 and ORS 311.812. Multnomah County then appealed to this court from that opinion and order.

## ANALYSIS

ORS 274.025(1) provides:

"The title to the submersible and submerged lands of all navigable streams and lakes in this state now existing or which may have been in existence in 1859 when the state was admitted to the Union, or at any time since admission, and which has not become vested in any person, is vested in the State of Oregon. The State of Oregon is the owner of the submersible and submerged lands of such streams and lakes, and may use and dispose of the same as provided by law."

Submerged lands are defined as:

"[L]ands lying below the line of ordinary low water of all navigable waters within the boundaries of this state as heretofore or hereafter established, whether such waters are tidal or nontidal." ORS 274.005(7).

Submersible lands are defined as:

"[L]ands lying between the line of ordinary high water and the line of ordinary low water of all navigable waters and all islands, shore lands or other such lands held by or granted to this state by virtue of her sovereignty, wherever applicable, within the boundaries of this state as heretofore or hereafter established, whether such waters or lands are tidal or nontidal." ORS 274.005(8).

Along the Portland waterfront, where the subject property is located, the state owns only the riverbed below the low watermark; that is, the "submerged lands." The state sold the land above the low watermark and below the high watermark, "the submersible lands," before the enactment of ORS 274.025.

■ Under common law, land formed by gradual accretion is owned by the upland proprietor.[2] *Hoff v. Peninsula Drainage Dist.*, 172 Or 630, 143 P2d 471 (1943). However, ownership lines are not affected by sudden avulsive changes.[3] *Land Bd. v. Corvallis Sand & Gravel Co.*, 283 Or 147, 582 P2d 1352 (1978). Land resulting from filling or dredging is not accretion because it is man-made, and not a natural change. ORS 274.905(1) includes in the definition of "new land and lands":

> "[T]hose lands protruding above the line of ordinary high water, whether or not connected with the adjoining or opposite upland or riparian lands on the same side of the body of water, which have been created upon submersible or submerged lands by artificial fill or deposit. 'New lands' does not include bridges, wharves and similar structures constructed upon submersible or submerged lands by other than artificial fill or deposit."

■ Thus, the 15.78 acres at issue is "new land." ORS 274.915 states that such "new lands" are owned by the state.

> "[T]he division [of state lands] may sell, lease or trade new lands created upon submersible or submerged lands owned by the state in the same manner as provided for lands acquired as an investment for the Common School Fund * * *." ORS 274.915(2).

Thus, the State of Oregon, through the Division of State Lands, owned the property in question before and after the time it was filled.

■ The county asserts that intervenor was responsible for the payment of property taxes because intervenor held the state-owned land under an interest or estate less than fee simple. Plaintiffs argue that intervenor held the property "as a rental or a tenancy by sufferance," and, therefore, it is subject to assessment and taxation for the real market value under ORS 307.110. ORS 307.110(1) provides in part:

---

[2] Accretion is defined as "[a]ddition of portions of soil, by gradual deposition through the operation of natural causes, to that already in possession of owner." Black's Law Dictionary 20 (6th ed 1990). The Oregon Supreme Court has defined accretion as the gradual deposit, by water, of waterborne solids on the banks of the body of water. *Katz v. Patterson et al.*, 135 Or 449, 452, 296 P 54 (1931).

[3] Avulsion is defined as "[a] sudden and perceptible loss or addition to land by the action of water, or a sudden change in the bed or course of a stream." Black's Law Dictionary 137 (6th ed 1990).

"[A]ll real * * * property of this state * * * held under a lease or other interest or estate less than a fee simple, by any person whose real property, if any, is taxable, * * * shall be subject to assessment and taxation for the real market or specially assessed value thereof uniformly with real property of nonexempt ownerships."

This statute clearly requires some legal interest; mere usage of property does not suffice. Plaintiffs provide no evidence of a lease or of any rental arrangement between the Division of State Lands and intervenor. Furthermore, a tenancy at sufferance requires that a party comes into possession of property by lawful title and wrongfully holds over after the termination of his interest. In this case, there is no evidence of intervenor being in possession of the property by lawful title. Accordingly, plaintiffs' argument under ORS 307.110 must fail.

In accordance with the above, the court holds that the Department of Revenue correctly determined that a refund of property taxes was due to intervenor pursuant to ORS 311.806. That statute provides in part:

"[T]he county governing body shall refund * * * taxes on property collected by an assessor or tax collector pursuant to a levy of the assessor or of any taxing district or tax levying body or pursuant to ORS 311.255, plus interest thereon as provided in ORS 311.812, in the following cases:

"* * * * *

"(e)  Except as provided in ORS 311.808, * * * whenever any person pays taxes on the property of another by mistake of any kind."

Now, therefore, department's Opinion and Order No. 92-4834 is affirmed. Costs to neither party.