Argued and submitted September 8, judgment of the Tax Court affirmed
September 21, reconsideration denied October 31, 1995

MULTNOMAH COUNTY,
a home rule subdivision of the State of Oregon,
by and through its Tax Collector, Janice Druian,
and its Tax Assessor, Robert Ellis,
*Appellants,*

*v.*

OREGON DEPARTMENT OF REVENUE,
*Defendant,*

*and*

ELF ATOCHEM NORTH AMERICA, INC.,
*Intervenor-Respondent.*

(OTC 3557; SC S41870)

902 P2d 94

Sandra N. Duffy, Assistant County Counsel, Portland,
argued the cause for appellants. With her on the briefs was

Laurence Kressel, County Counsel for Multnomah County, Oregon.

Carey L. Critchlow, of Ater Wynne Hewitt Dodson & Skerritt, Portland, argued the cause for intervenor-respondent. With her on the brief was Lori Irish Bauman.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.**

PER CURIAM

---

** Unis, J., did not participate in this decision.

## PER CURIAM

Taxpayer is a chemical production company that, for many years, has operated a facility on property located along the Willamette River in northwest Portland. In 1990, the state notified taxpayer for the first time that the state claimed ownership of almost 16 acres of the nearly 55 acres of land on which the facility is located. That 16 acres was included in the metes and bounds description in the deed to taxpayer from its private grantor and consists of land over what was once submerged or submersible land that later was filled with spoil from river dredging. After negotiations, taxpayer in 1992 paid the state for the 16 acres and received a quitclaim deed in exchange. That negotiated purchase of the state's rights was and is the only relationship that taxpayer has had with the state relative to that land.

Multnomah County had assessed and taxed the entire 55-acre parcel, including the 16 acres owned by the state, since before tax year 1985-86. Taxpayer paid the assessed real property taxes each year. In the present proceeding, taxpayer sought a refund of taxes paid on the 16 acres during the time the state owned it, and within the applicable statute of limitations. The Board of County Commissioners denied the request. Taxpayer appealed to the Department of Revenue (Department). After a hearing, the Department determined that the land in question was owned by the state and granted the refund, on the ground that taxpayer had mistakenly paid taxes on property owned by another. ORS 311.806(1)(d) (1991). Multnomah County appealed to the Tax Court.

The Tax Court affirmed. *Multnomah County v. Dept. of Rev.*, 13 OTR 170 (1994). That court rejected the county's argument that, notwithstanding the state's ownership of the 16 acres, taxpayer was required to pay property taxes under ORS 307.110(1). That statute requires the payment of property taxes when a taxable entity holds state-owned land under "a lease or other interest or estate less than a fee simple." The Tax Court held that ORS 307.110(1) requires a legal interest, not mere usage, and noted that the record contained no evidence of a legal interest of taxpayer in the 16 acres until it received the quitclaim deed. *Id.* at 173-74.

Multnomah County then appealed to this court. In addition to repeating its arguments to the Tax Court, the county now asserts, for the first time, that the Tax Court lacked jurisdiction to hear the county's appeal to it, because the exclusive means of determining the ownership of the formerly submerged and submersible lands in issue (the 16 acres) is the administrative process set forth in ORS 274.960 *et seq*. We disagree. ORS 274.963(1)(c) states that "the State Land Board and the Division of State Lands are authorized by law to negotiate settlements with respect to the ownership of such lands." That is exactly what occurred in this case. After the negotiation and settlement, the land was no longer the state's.

We have considered all the county's arguments on *de novo* review and conclude that none of them is well taken. Accordingly, the judgment of the Tax Court is affirmed.