IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

LINCOLN COMMONS, LLC,         )
                                           )
         Plaintiff,              )    TC-MD 200306N
                                           )
        v.                   )
                                         )
MARION COUNTY ASSESSOR,     )
                                         )
         Defendant.        )    **ORDER OF DISMISSAL**

This matter came before the court on Defendant's Motion to Dismiss (Motion) filed September 29, 2020. Plaintiff filed its Response on October 29, 2020, and Defendant filed its Reply on November 10, 2020. Oral argument was held remotely on November 17, 2020. Dale R. Kennedy (Kennedy), Attorney at Law, appeared on behalf of Plaintiff. Scott A. Norris, Assistant Legal Counsel for Marion County, appeared on behalf of Defendant.

A.     *Facts[1]; Parties' Arguments*

Plaintiff seeks a refund of taxes paid on personal property Account P345111 (subject property) for the 2012 and 2013 tax years. (Compl at 1.) Plaintiff owns real property located at 345 Lincoln Street SE, Salem, Oregon 97302, the situs of the subject property. (*See id.* at 1-2, Ex 1.) Plaintiff does not own the subject property. (*Id.*) It belongs to Plaintiff's lessee, Integrity First Certified Public Accountants, LLC (Integrity). (*Id.* at 2.) During the relevant tax years, Kennedy was a member of both Plaintiff and Integrity. (Ans at 3; Ptf's Resp at 4.) Kennedy stated at oral argument that Integrity was sold to a third-party in October 2013. Integrity

---

[1] "In considering a motion to dismiss for failure to state ultimate facts sufficient to constitute a claim, the court's review is limited to the facts alleged in the complaint, accepting those facts as true." *See Work v. Dept. of Rev.*, 22 OTR 396, 397-98 (2017), *aff'd*, 363 Or 745, 429 P3d 375 (2018) (internal quotations omitted). Accordingly, facts recited in this Order reflect allegations in Plaintiff's Complaint.

evidently failed to pay property taxes on the subject property in 2012 and 2013, resulting in Defendant recording property tax liens "against Integrity." (Compl at 2.)

Plaintiff first discovered the liens when conducting a title search in May 2020 in connection with refinancing the real property. (Compl at 2.) After Defendant refused to release the liens, Plaintiff paid Integrity's outstanding tax liability on May 15, 2020, to clear the liens and complete the refinance. (*Id*., Ex 3 (showing Plaintiff paid $3,419.16 in property taxes to Defendant).) Plaintiff was required by its lender to pay the personal property tax liens to complete its refinance, describing them as a "functional cloud" on title. Neither party presented any evidence documenting the liens. Plaintiff did not present evidence why its lender required the liens to be cleared. Plaintiff does not dispute the underlying personal property tax assessments or that the liens were properly imposed on the subject property. Plaintiff requests a refund of $3,419.16 in taxes, fees, penalties, and interest paid. (*Id.*) Plaintiff further requests that it be awarded costs in the amount of its filing fee of $281. (*Id*.)

"Defendant admits that Plaintiff is not liable for [Integrity's] personal property warrants" and alleges that it did not apply the warrants against Plaintiff's property or otherwise make Plaintiff pay the warrants. (Ans at 2.) Plaintiff's lender – not Defendant – required Plaintiff to pay the warrants on the subject property. (Def's Reply at 1.) Defendant moved to dismiss for failure to state ultimate facts sufficient to constitute a claim for relief under Tax Court Rule (TCR) 21. (Mot at 1.) Specifically, Defendant asserts that Plaintiff has no right to appeal because it is not aggrieved by any "act, omission" or "determination" of Defendant as required by ORS 305.275. (*Id.* at 1-2.) Defendant also moved to dismiss because Plaintiff's appeal of liens recorded for the 2012 and 2013 tax years is untimely under ORS 305.280(1) and ORS 305.288(3). (*Id.* at 2-3.)

B.      *Analysis*

The issues presented are 1) whether Plaintiff meets the requirements to appeal under ORS 305.275(1); 2) whether Plaintiff's appeal was timely filed under ORS 305.280; 3) whether the court has subject matter jurisdiction over Plaintiff's claim; and 4) whether Plaintiff has stated a claim upon which relief may be granted. Before addressing each of those issues, the court begins with an overview of personal property tax warrants and liens.

1.      *Personal Property Tax Warrants and Liens, Generally*

"All ad valorem property taxes lawfully imposed or levied on real or personal property are liens on such real and personal property, respectively." ORS 311.405(1)(a).[2] "Taxes on personal property shall be a lien: * * * on any and all the taxable personal property owned by or in the possession or control of the person assessed." ORS 311.405(3). "The liens for taxes on personal property shall attach on and after July 1 of the year of assessment and shall continue until the taxes are paid * * *." ORS 311.405(3)(b). Owners of personal property are personally liable for personal property tax. ORS 311.455; *see also Griffith v. Douglas County Assessor,* TC-MD 170083G, 2017 WL 3225934 (Or Tax M Div, July 31, 2017) ("[t]axes on personal property—unlike taxes on real property—are a debt due and owing from the owner of the personal property.") (internal quotation omitted).

Property taxes become delinquent whenever a specified installment is not paid. ORS 311.510. Installments are due November 15, February 15, and May 15 following the creation of the tax roll. ORS 311.505(1); ORS 311.510. Once personal property taxes become delinquent, after a period of 30 days "the tax collector shall issue a warrant to enforce payment thereof."

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2019.

ORS 311.610(1).[3] The tax collector must serve the warrant and then have the warrant "recorded by the county clerk in the County Clerk Lien Record maintained under ORS 205.130." ORS 311.625(1). Once the warrant has been recorded, it "shall become a lien upon the title to any interest in real property owned by the person against whom the warrant is issued" as well as a lien on the personal property. ORS 311.625(2). "[T]he tax collector shall proceed to collect the amount due on the warrant in the manner prescribed by law in respect to an execution issue upon a judgment of a court of record." ORS 311.635(1). "The tax collector shall release the lien of any warrant so recorded on payment or settlement of the delinquent taxes * * * or on a satisfactory showing that the person against whom the warrant was issued was under no liability for payment of the taxes at the time the warrant was issued and has not become liable for such payment at any subsequent time." ORS 311.635(2).

2.      *Whether Plaintiff meets the requirements to appeal under ORS 305.275*

Any person may appeal to this court provided they are "aggrieved by and affected by an act, omission, order or determination of: * * * (C) A county assessor * * * or (D) A tax collector." ORS 305.275(1)(a). In addition,

> "The act, omission, order or determination must affect the property of the person making the appeal or property for which the person making the appeal holds an interest that obligates them to pay taxes imposed on the property. As used in this paragraph, an interest that obligates the person to pay taxes includes a contract, lease or other intervening instrumentality."

ORS 305.275(1)(b).

Defendant asserts that the warrants were properly recorded pursuant to ORS 311.605

---

[3] The county tax collector has numerous mechanisms to collect personal property taxes including: seizure of the property itself under ORS 311.644; filing the tax warrant with the Oregon Secretary of State's office under ORS 311.636; charging personal property taxes against real property with the same owner under ORS 311.645. However, creation of a warrant and recording it with the county clerk is mandatory under ORS 311.630 "irrespective of any other process, procedure or remedy provided by law * * *."

through 311.635 and Plaintiff alleges no error with the warrants. Plaintiff did not expressly allege that Defendant wrongfully attached liens to its real properly, rather Plaintiff asserts the liens created a cloud on title to its real property. (Ptf's Resp at 8.) In Defendant's view, Plaintiff's aggrievement is with the title company or lender for requiring Plaintiff to pay the liens. Plaintiff responds that Defendant had authority to lift the liens under ORS 311.635 and should have done so – Plaintiff is aggrieved by Defendant's refusal to do so. (Ptf's Resp at 9). It also argues that Defendant could refund Plaintiff under ORS 311.806. (*Id.* at 9-10.)

Typically, for a taxpayer to be aggrieved as required by ORS 305.275, they must show that the relief requested will result in some reduction in their tax liability. *See Kaady v. Dept. of Rev.*, 15 OTR 124, 125 (2000). However, in *Seneca Sustainable Energy, LLC v. Dept. of Rev.*, 363 Or 782, 429 P3d 360 (2018), the Oregon Supreme Court found that taxpayer was aggrieved based on defendant's determination of real market value that was used by the enterprise zone sponsor to calculate taxpayer's public benefit contribution, a pecuniary interest though not a tax. The court observed that the aggrievement standard under ORS 305.275 "requires * * * a person must show more than simply that he or she, in common with others, suffered some injury by the order, act, omission, or determination of the department or county official or tax collector[;]" they must be shown to have "suffered an injury or wrong that creates a private interest in the outcome of the matter that is different from that of a member of the general public." *Id*. at 796.

Here, Plaintiff alleges that Defendant's imposition of a lien on the subject property impaired its ability to obtain financing on its real property. Defendant argues that it should not be held responsible for the bank or title company error. It may be the case that the bank made an error, however, at this stage of the proceeding the court must assume facts and allegations made in the complaint are true. Plaintiff paid taxes on the subject property and now requests a refund

of those taxes. Plaintiff is aggrieved under ORS 305.275(1)(a) based on its allegation that Defendant's actions and omissions resulted in specific pecuniary harm to Plaintiff. Even though Plaintiff does not own the subject property, Plaintiff claims that it was obliged to pay taxes on the property through a contract, lease, or intervening instrumentality; specifically, Plaintiff was obligated under the financing agreement with its lender to pay the taxes. (Ptf's Resp at 6.) Thus, Plaintiff's claim also satisfies ORS 305.275(1)(b).

3. *Whether Plaintiff's appeal is timely under ORS 305.280*

Defendant second ground for dismissal is that Plaintiff's appeal is not timely under ORS 305.280(1). That statute provides that "an appeal under ORS 305.275 * * * shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made."

Defendant argues that the time for appealing from assessments relating to the 2012 and 2013 tax years has long been expired. Plaintiff responds that it is not appealing the assessments and concedes that the underlying assessments were correct. (Ptf's Resp at 2.) Rather, Plaintiff asserts that its appeal is timely because it only learned it was required to pay the liens in May 2020 and that is when Defendant refused to release the liens, giving rise to this appeal.[4] (*Id.* at 7.) The appeal was filed on July 24, 2020. The exact date that Plaintiff requested removal of the liens and Defendant refused is not known, but it was sometime between the discovery of the

---

[4] *Multnomah Cty. By & Through Druian v. Dept. of Rev*., 13 OTR 170 (1994), *aff'd sub nom. Multnomah Cty. By & Through Druian v. Oregon Dept. of Rev*., 321 Or 576, 902 P2d 94 (1995) supports Plaintiff's view that discovery is the event triggering its right to appeal with respect to ORS 311.806. In that case, taxpayer sought a refund of taxes mistakenly paid on property owned by the state dating back at least to the 1985-86 tax year. Even though taxpayer appealed well after the 1985-86 tax year, the court granted taxpayer's requested relief.

liens in early May and the closing of the refinancing on May 15, 2020. Whatever the precise date, this appeal was filed within the 90 days required under ORS 305.280(1).

4.    *Subject matter jurisdiction; claims for relief*

The court has limited jurisdiction and may only adjudicate matters within its subject matter jurisdiction. "Courts are required to consider *sua sponte* the existence or not of subject matter jurisdiction, and subject matter jurisdiction can be raised at any time." *Work*, 22 OTR at 410. "If it appears by motion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court shall dismiss the action." TCR 21 G(4).

> "[T]he tax court shall be the sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under the tax laws of this state. For purposes of this section, and except to the extent that they preclude the imposition of other taxes, the following are not tax laws of this state:
>
> "* * * * * *
>
> "(m) ORS 311.420, 311.425, 311.455, 311.650, 311.655 and ORS chapter 312 relating to the foreclosure of real and personal property tax liens."

ORS 305.410(1). In *Sanok v. Grimes*, 294 Or 684, 697-701, 662 P2d 693 (1983), the Oregon Supreme Court described "two boundaries" to this court's jurisdiction: first, "questions which must be resolved in order to decide taxability or the amount of tax do arise under the tax laws[,]' and, second, "a precondition to taxation does not arise under the tax laws if jurisdiction to decide that precondition has been affirmatively located in another court or if a decision on the precondition has substantial non-tax consequences." As this court observed in *Work*, "it is not clear what these boundaries mean for actions to collect tax amounts due, which arise *after* a tax liability is determined." 22 OTR at 374.

There is nothing in the record thus far indicating that Defendant has pursued foreclosure of property tax liens against Plaintiff. Nonetheless, Plaintiff's claims here pertain to liens on

property rather than claims relating to, for instance, whether the tax was rightly imposed or the amount of tax, so the court considers its jurisdiction over those claims. As the court reaffirmed in *Perkins v. Dept. of Rev.*, 22 OTR 370, 275 (2017), if "the legislature affirmatively located jurisdiction over that claim elsewhere. * * * 'then that procedural fact implies that the case is not one 'arising under the tax laws'' and it is not within this court's jurisdiction." To determine whether jurisdiction exists "this court looks to the nature of the relief requested to determine the nature of taxpayer's claims." *Id.* at 376. Plaintiff relies on three statutes in support of its request for a property tax refund. The court examines each in turn to determine whether the claim is within this court's jurisdiction and whether Plaintiff has alleged facts constituting a claim.[5]

        a.     ORS 311.625

The first is ORS 311.625, which Plaintiff states "does not authorize Defendant to file liens on real property that is not owned by the personal property taxpayer." (Ptf's Resp at 6). ORS 311.625(1)[6] provides for the recording of a warrant immediately after service.

> "Thereupon, the amount of the warrant, so recorded, shall become a lien upon the title to any interest in real property owned by the person against whom the warrant is issued, and the taxes on personal property embraced in the warrant, with interest, penalties and costs applicable thereto, shall continue as a lien on all

---

[5] As noted in *Oregon TDM, Inc. v. Marion Cty. Assessor*, TC-MD 160227R, 2016 WL 5210868 at *2 (Or Tax M Div, Sept 20, 2016), this court does not have generalized authority to relieve a taxpayer of the duty to pay delinquent property taxes and must locate a source of law for the relief. In that case, taxpayer purchased property subject to tax liens based on amounts charged to the prior owners. *Id.* at *1.

[6] ORS 311.625(1) states in full:

"Immediately after service of the warrant, or on completion of service by publication, as the case may be, the tax collector shall have the warrant or a duplicate thereof recorded by the county clerk in the County Clerk Lien Record maintained under ORS 205.130. When service has been made by certified mail, notation of the service shall be made on the warrant recorded by the county clerk and the returned receipt shall be attached to and made a part of the warrant on file in the office of the county tax collector. When service has been made by certified mail and the return receipt is sent electronically or by computer printout, the tax collector shall retain the return receipt record. The clerk shall enter in the County Clerk Lien Record the name of the owner of the personal property on which taxes are delinquent, as shown by the warrant, and the total amount of the delinquent taxes and interest for which the warrant was issued, with added cost charges, and the date of recording.

the personal property of the person assessed as otherwise provided by law. The effect shall be the same as though the people of the county had recovered judgment against the person charged for the full amount of the delinquent taxes covered by the warrant, together with interest thereon and costs as provided by law."

ORS 311.625(2). Plaintiff has not clearly alleged that Defendant placed a lien on Plaintiff's real property in violation of ORS 311.625, though that is implied in Plaintiff's response brief. Defendant denied that it applied the subject property warrants against Plaintiff's property.

Ultimately, this court may not decide the matter because it lacks subject matter jurisdiction over the claim. ORS 311.625 explicitly locates jurisdiction in the circuit court. Subpart (1) provides that warrants shall be recorded "in the County Clerk Lien Record maintained under ORS 205.130" and subpart (2) provides that the effect of the warrant "shall be the same as though the people of the county had recovered a judgment * * *." *See also* ORS 205.125(4) ("orders and warrants recorded in the County Clerk Lien Record may be enforced as provided in ORS 205.126"); ORS 205.126 (providing for enforcement under ORS chapter 18). Issues of whether a warrant was properly recorded would require the court "to inquire into the relevant county records" and this court lacks jurisdiction over such actions. *Perkins*, 22 OTR at 377. ORS chapter 18, which "provides opportunities for debtors to object to collection actions *in circuit court*" does not apply to this court. *Id.* at 378 (emphasis in original).

This court has in one prior case considered whether the notice requirements under ORS 311.610 to 311.625 were met. *See Fox v. Multnomah County Assessor*, TC-MD 060769C, 2007 WL 572298 (Or Tax M Div, Feb 21, 2007). Plaintiff's claim here does not involve notice, but rather appears to concern the recordation of warrants and the resulting liens. As discussed in *Perkins*, the legislature intended to confer jurisdiction over issuance and enforcement of such warrants in the circuit court. 22 OTR at 377-79.

b.    ORS 311.635

Plaintiff's second claim for relief is under ORS 311.635, authorizing Defendant to release

liens "if the recorded warrants reflect an assessment against a person not responsible for the tax."

(Ptf's Resp at 9.)  ORS 311.635(2) provides that:

> "*The tax collector shall release the lien of any warrant so recorded* on payment or settlement of the delinquent taxes, interest and costs for recording, indexing and service of the warrant, or *on a satisfactory showing that the person against whom the warrant was issued was under no liability for payment of the taxes at the time the warrant was issued and has not become liable for such payment at any subsequent time.*"

(Emphasis added.)  The court finds some indication that it has jurisdiction over this claim.  ORS

311.635(2) imposes a duty on the tax collector to release a lien.  As discussed earlier, a party

may appeal under ORS 305.275 from an act or omission of a "tax collector."  *See Christensen v.

Dept. of Rev.*, 22 OTR 384, 391 (2017) (in considering a statute with no clear indication of how

it might be enforced, the court considered whether the claim satisfied the requirements of ORS

305.275).  Additionally, this court regularly makes determinations of property tax liability.  In

the absence of a clear legislative intent to locate jurisdiction in the circuit court,[7] the court

concludes that it has jurisdiction over the claim.

Nevertheless, Plaintiff has failed to allege that it was "the person against whom the

warrant was issued" and apparently concedes the relevant warrants were properly recorded

against Integrity.  Accordingly, Plaintiff's appeal under ORS 311.635 must be dismissed for

failure to allege facts constituting a claim under that statute.

/ / /

---

[7] ORS 311.635(1) contains some language evincing a legislative intent to locate jurisdiction in the circuit court, at least with respect to the tax collector's actions to collect the amount due: "When the warrant has been recorded, the tax collector shall proceed to collect the amount due on the warrant *in the manner prescribed by law in respect to an execution issued upon judgment of a court of record*."  (Emphasis added.)  In addition, releasing liens is a remedy common to the circuit courts rather than this court.

c.    ORS 311.806

Plaintiff's third claim for relief is under ORS 311.806(1)(h), which provides that Defendant shall refund "the payer of the tax whenever any person pays taxes on the property of another by mistake of any kind[.]" (Ptf's Resp at 9-10.)  The statute is directed at "the county governing body" and references taxes collected by "an assessor or tax collector," indicating appeal may be taken to this court under ORS 305.275(1)(a).  Several prior cases confirm that this court has jurisdiction over the claim.  *See, e.g., PGE Co v. Dept. of Rev.*, 12 OTR 311, 313 (1992) (finding court had jurisdiction over claim under ORS 311.806 and granting refund of taxes paid by lessee on real property after the lease obligating them to pay taxes terminated); *Multnomah Cty. By & Through Druian v. Dept. of Rev.*, 13 OTR 170 (1994), *aff'd sub nom. Multnomah Cty. By & Through Druian v. Oregon Dept. of Rev.*, 321 Or 576, 902 P2d 94 (1995) (granting refund under ORS 311.806 for taxes mistakenly paid on property owned by the state).

The next question is whether Plaintiff has alleged facts stating a claim under ORS 311.806.  Plaintiff alleges that it paid taxes on the property of another (Integrity) due to the mistake of its title company, lender, or Defendant.  However, ORS 311.806(1)(h) is subject to a limitation: "a refund of taxes may be allowed or made for any year or years not exceeding five years prior to the last certified tax roll." ORS 311.806(2)(a).  The last certified roll was in 2020, so the 2012 and 2013 years are beyond the five-year threshold.  Plaintiff argues that the five-year limitation is inapplicable here because it does not apply where the refund is the result of a "final determination" of the "Oregon Tax Court."  (Ptf's Resp at 10, citing ORS 311.806(1)(c), (2)(a).)  The statute establishes that the county can issue refund in taxes on its own within the five-year period, or beyond that time period whenever the court or Department of Revenue orders it to do so.  Plaintiff has not presented the court with an order of the Department of Revenue or the

Oregon Tax Court as required by ORS 311.806(2)(a).  That statute does not, on its own, entitle Plaintiff to a refund.  Thus, Plaintiff's claim for a refund of taxes for the 2012 and 2013 tax years is beyond the tax years allowed under ORS 311.806 and must be dismissed.

5.      *Conclusion*

The court concludes that Plaintiff's Complaint meets the requirements of ORS 305.275. The court further concludes that Plaintiff's appeal was timely under ORS 305.280(1).  The court dismisses Plaintiff's claim under ORS 311.625(2) because jurisdiction to determine the effect of the lien is affirmatively located in the circuit court.  The court dismisses Plaintiff's claims for relief under ORS 311.635(2) and ORS 311.806 for failing to state ultimate facts sufficient to constitute a claim for relief.  The court grants Defendant's motion to dismiss.  Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted.

IT IS FURTHER ORDERED that Plaintiff may, within 30 days, file an amended complaint alleging facts sufficient to constitute a claim under ORS 311.635(2).

_____

***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved.  See TCR-MD 19.***

***This document was signed by Presiding Magistrate Allison R. Boomer and entered on April 30, 2021.***